298 F.2d 858
 James B. BRAMLETT, Appellee,
v.
Abraham A. RIBICOFF, Secretary of the Department of Health,
Education and Welfare, Social Security
Administration, United States of
America, Appellant.
 No. 8391.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 20, 1961.
Decided Jan. 4, 1962.
 
 David L. Rose, Attorney, Department of Justice, Washington, D.C. (William H. Orrick, Jr., Asst. Atty. Gen., Joseph E. Hines, U.S. Atty., Spartanburg, S.C., and John G. Laughlin, Attorney, Department of Justice, Washington, D.C., on brief), for appellant.
 John B. Culbertson, Greenville, S.C., for appellee.
 8before SOBELOFF, Chief Judge, BELL, Circuit Judge, and BARKSDALE, District Judge.
 J. SPENCER BELL, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the District Court reversing the Secretary's determination that the Claimant, James B. Bramlett, was not entitled to a period of disability or to disability benefits under Section 216(i)(1) and Section 223 of the Social Security Act, 42 U.S.C.A. 416(i)(1), 423. The District Court substituted its own finding that Claimant was disabled from July 1957.
 
 
 2
 The Claimant was born on April 8, 1897. He completed the tenth grade of school and subsequently attended business school for a few months at Bowling Green, Kentucky. He served in the Navy during World War I and was a civilian employee of the Navy during World War II, in which capacity he served as an 'assistant supervisor of inspectors'. The record does not indicate his duties. in that capacity. From 1947 until July 1957 he was employed as a lead or head welder, in which capacity it was his duty to plan and organize each welding operation as well as to supervise a team of men and do some of the welding himself. In July 1957 he quit his job due to an emotional disturbance brought on by his suffering from spastic colonGallstones and a kidney ailment. In August 1957 the Veterans Administration fould that he 'lacked ten per cent having enough disability' to obtain a disability pension under that Act. Claimant applied for and received unemployment compensation for twenty-two weeks following July 1957. Although he has made efforts to do so, Claimant has not been able to obtain employment since that date.
 
 
 3
 The medical evidence in this case consists principally of the reports of the Claimant's treating physician who had treated him over a period of ten years, and reports of a consulting psychiatrist, the Veterans Administration doctors, and chart records from the Greenville General Hospital. Nothing would be gained from a repetition of Claimant's long history of suffering from amebic dysentery, hypertension, and gallstones from prior to July 1957 until the date of hearing in this case. On December 3, 1958, however, Claimant had a fainting spell which his doctor diagnosed as an epileptic type attack which resulted from changes in the blood vessel in the brain. In his report of June 11, 1959, Dr. Wilkinson diagnosed Claiment's physical impairments at that time as a sinus infection, degenerative changes in the spince, and vertigo. The report went on to say: 'During the past eighteen months there has been a definite personality change, which I think is due to organic vascular brain disease (arteriosclerosis) which precipitated the December 1958 convulsion. In addition to this he has had the gall bladder trouble, now asymptomatic, and more recently the vertigo and sinus infection. I do not believe that he will be able to do more than a very menial type job, and at his age he will likely progressively worsen. Therefore I consider him physically disabled.'
 
 
 4
 The Secretary concedes that the objective findings of the Veterans Administration's doctors parallel those of the treating physician, including the finding that Claimant suffered from 'cerebral arteriosclerosis, moderate'. The Claimant testified to a long history of headaches and dizziness growing progressively more severe since the convulsion on December 3, 1958. Against this evidence, the Hearing Examiner seems to rely on the testimony of a neuro-phychiatrist of the Veterans Administration and of Dr. Nannerello, a diplomate of the American Board of Psychiatry, but we fail to find anything in the reports of these experts to support his fiding. Dr. Boone's estimate of incapacity was 'Severe' and Dr. Nannerello found no evidence of depression or any break with reality but did find 'anxiety reaction, mild, with some preoccupation with somatic complaints'. The Hearing Examiner concludes his reprt with the findig that 'the Claimant's only symptoms at the present time consist of frequent headaches and dizziness, apparently due to moderate cerebral arteriosclerosis'.
 
 
 5
 We are at a loss to understand how the Examiner can pass over such a disability as frequent headaches in such a casual manner, especially in view of the admitted existence of this malady by all of his doctors. We feel this is indicative of a tendency to treat these cases from a highly technical viewporint; to overemphasize the importance of objective clinical findings at the expense of other elements of the record. See our opinion in Underwood v. Ribicoff, 298 F.2d 850, No. 8458, Decided January 4, 1962, and the reasons therein set froth.
 
 
 6
 Upon this record, the District Court below set aside the Secretary's findings as not supported by substantial evidence, and with this judgment we are in agreement. We cannot, however, agree that the evidence is sufficient to uphold the Court's finding in effect that the Claimant was suffering from a 'disability' of sufficient severity to meet the requirements of Sections 216(i) and 223 of the Social Security Act in July 1957 as claimed By Bramlett, and the Court's finding to this effect is clear error. F.R.C.iv.P. rule 52(a), 28 U.S.C.A..
 
 
 7
 Upon this record as a whole we believe that the clear and overwhelming weight of the evidence indicates that on and after December 3, 1958, the Claimant was disabled within the meaning of the Act and that the record does not contain substantial evidence to support the Secretary's finding to the contrary. This case is hereby remanded to the court below with instructions to modify its judgment to conform to this opinion. 42 U.S.C.A. 405(g).
 
 
 8
 Remanded.