**Raymond J. McPHERSON**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Social Security Administration.**

Civ. No. 13311.

United States District Court
D. Maryland.

Aug. 6, 1962.

**342**

George W. White, Jr., Buckmaster, White, Mindel & Clarke, Baltimore, Md., for plaintiff.

Joseph D. Tydings, U. S. Atty., and Carl J. Lorenz, Jr., Asst. U. S. Atty., Baltimore, Md., for defendant.

NORTHROP, District Judge.

This is an action under Section 205(g) (42 U.S.C.A. § 405(g)) of the Social Security Act, as amended, to review a "final decision" of the Secretary of Health, Education and Welfare disallowing the plaintiff's claim for a period of disability and for disability insurance benefits pursuant to Sections 216(i) (42 U.S.C.A. § 416(i)) and 223 (42 U.S.C.A. § 423), respectively, of the Social Security Act, as amended. The Appeals Council, in denying formal review, sustained the decision of the Hearing Examiner. Therefore, it is the final decision of the Secretary, and all administrative remedies have been exhausted.

This court, having carefully reviewed the record of the proceedings before the Hearing Examiner, having heard argument in open court, and having considered the briefs filed herein by the parties, concludes that the decision reached by the Hearing Examiner must be affirmed. He has applied the correct legal standards, and his decision is amply supported by the evidence presented.

The scope of review and the judicial function in this type of case recently have been considered in Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962); Bradey v. Ribicoff, 298 F.2d 855 (4th Cir. 1962); and Bramlett v. Ribicoff, 298 F.2d 858 (4th Cir. 1962). Since each case depends upon its own facts, further citation of authority is unnecessary.

The claimant-plaintiff, McPherson, at the time of the hearing on April 4, 1961, was fifty-nine years old and had worked for the Western Electric Company for forty-two years. There he had attained the position of supervisor on the installation of central office telephone systems, when, on March 9, 1959, he suffered a cerebral vascular attack. He has not worked since.

McPherson has a high school education, and, in addition, he received management training while with the company.

His condition was diagnosed by Dr. Barbara Hulfish as "left hemianopsia", caused by a brain lesion or thrombosis. The plaintiff himself claims that his vision is permanently impaired, that in order to see properly he must turn his head from side to side, that he has a difficult time walking, and that he cannot drive. Also, he contends that he is totally incapable of getting around at night. He has been considered permanently disabled by the Western Electric Company, and the Home Life Insurance Company of New York has waived premiums on his life policy, presumably because of disability.

Two of McPherson's physicians, Dr. Samuel Pecora and Dr. Anthony Ambrose, state that his visual condition is permanent and that he is unable to work.

Dr. Ambrose, an ophthalmologist, makes the specific finding that "the nasal half of the right field and the temporal half of the left field have been lost." However, neither doctor assigns any degree of visual acuity or any percentage as to concentric contraction of the claimant's visual fields. Indeed, his impairment does not prevent his reading, looking at television, doing work around the house in a somewhat slower manner than prior to the onset of his present troubles, and so on. In short, his visual impairment in no way has approached the level of severity contemplated by Section 404.-1502 of Social Security Regulation No. 4 (20 C.F.R. § 404.1502) in which one of the listed samples of conditions which ordinarily would be considered disabling is

."(7) Loss or diminution of vision to the extent that the affected individual has central visual acuity of no better that 20/200 in the better eye after best correction, or has an equivalent concentric contraction of his visual fields."

Dr. Hulfish, a neurologist, indicates in the very detailed report considered by the Hearing Examiner that McPherson can be retrained for a desk job. His educational background and experience tend to confirm this. In addition, McPherson was examined by a medical examiner of the State of New Jersey and was allowed to retain his driver's license, although he has chosen not to use it.

While Drs. Pecora and Ambrose claim McPherson is unable to work, their contention is not supported by any medical evidence that his vision is so impaired within the meaning of the Act as to prevent him from engaging in "any substantial gainful activity." There is substantial evidence in this record, in each of the categories enumerated in Underwood v. Ribicoff, supra, to support the finding of the Secretary. Indeed, as the Underwood case holds:

"If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding must be affirmed." 298 F.2d 850, at p. 851.

The court, having subjected the record in this case to the rigors of the appropriate legal tests, must agree with the Hearing Examiner's conclusion that the claimant has failed to establish that he is unable to engage in any substantial gainful activity.

For the foregoing reasons, it is this 6th day of August 1962:

ORDERED that the final decision of the Secretary be, and the same hereby is, affirmed. The Clerk shall enter the judgment accordingly.