**Andrew C. MARK, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 19862.**

United States Court of Appeals Ninth Circuit.

July 6, 1965.

---

Arnold J. Barer, Wettrick, Toulouse, Lirhus & Hove, Seattle, Wash., for appellant.

William N. Goodwin, U. S. Atty., Ronald G. Neubauer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and MATHES, Senior District Judge.

MATHES, Senior District Judge.

This appeal is from a summary judgment entered in favor of appellee in an action brought by appellant pursuant to § 205(g) of the Social Security Act [42 U.S.C. § 405(g)], to review the final decision of the Secretary disallowing a period of disability and disability benefits under § 216(i), as amended, and § 223 of the Act [id., §§ 416(i) and 423].

As a condition precedent to an award of disability benefits, § 223(a) (1) (D) of the Social Security Act [42 U.S.C. § 423 (a) (1) (D)] specifies that the individual applicant must be under a "disability", as defined in subsection (c) (2) of § 223, at the time of filing the application therefor. Section 223(c) (2) of the Act defines "disability" for the purpose of an award of disability benefits under § 223 (a) (1) as follows:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected * * * to be of long-continued and indefinite duration." [42 U.S.C. § 423(c) (2); see also § 216(i) (1) (A), 46 U.S.C. § 416(i) (1) (A).]

Although appellant's application for disability benefits, filed October 18, 1962, refers only to a "coronary condition, & cancerous condition caused by chronic ear infection", we are satisfied that the application embraces as well the allegedly debilitating headaches so significant to appellant's claim. Especially so since he, at least, regards the headaches as consequent to the claimed "cancerous condition" of his ear.

Appellant has long endured a chronic infection of the middle ear; and early in 1962 he suffered a mild heart attack. It would, however, serve no useful purpose here to recapitulate from the record under review any of the comprehensive medical prognoses respecting these impairments; for it does not appear that the findings and conclusions of the Secretary as to either of these conditions are challenged. Moreover, if challenged, we are readily satisfied that these are fully supported in the record by substantial evidence.

The record discloses that appellant's claim for disability benefits under the Act is predicated principally upon the alleged effects of continuing headaches, assertedly severe to the point of all-but-total disability in fact. These headaches are chronic in the sense that appellant has complained of them since childhood; but they have, he insists, become so much more frequent and severe in recent years that he has been unable to return to any gainful employment since his heart attack—this because the headache condition necessitates long periods of enforced inactivity accompanied by occasional spells of dizziness, and even unconsciousness. As the Hearing Examiner observed: "Speaking subjectively, rather than objectively, there is no question but that the claimant is sincerely convinced of their disabling effects."

Appellant's regular physician, Dr. La-Violette, and another doctor expressed the opinion that the headaches result from the chronic infection of the middle ear. The opinions expressed in other medical reports, however, are that the ear infection is not a causal condition, and that the cause or causes of appellant's headaches must be explained, if at all, on some functional basis; that is to say, on some non-organic and psychiatric or psychological basis. The Hearing Examiner concluded that there was no causal relationship between the ear condition and the headaches, and that the latter must be accounted for on the non-organic bases just mentioned.

A psychiatrist, Dr. Games, examined appellant on May 1, 1963, and came to the conclusion that the headaches were psychogenic in origin. He was also of the opinion that appellant had a tendency toward somatization; that is to say, a tendency to refer his personality disorder to an organ of the body, here the infected

middle ear. Dr. Games summarized his opinion as follows:

"I think that the most certain statement that can be made with regard to * * * [appellant] is that it is likely he would get worse were he to do work, in that under conditions of his attempting to do even a very minimal amount of work he has shown greatly increased somatization. Thus, the net result is that through a combination of his personality defect and his somatizing tendency he is impaired from a full gainful employment. At the same time there is no evidence of psychosis and also there is no evidence of undue tension at this particular time when he is not employed."

Until his heart attack in 1962, appellant was employed as resident manager of a trailer court near Seattle. He has not attempted any employment since that time. Indeed, except when discussing appellant's heart condition, the Hearing Examiner refers to no other occupation in which appellant might be expected to engage. So we must conclude that, with respect to the allegedly debilitating headaches, the Secretary has determined that appellant "failed to show that he was disabled from following his usual occupation". [McMullen v. Celebrezze, 335 F.2d 811, 816 (9th Cir. 1964); see Ber v. Celebrezze, 332 F.2d 293, 295 (2nd Cir. 1964).]

The question presented for our decision is, therefore, a narrow one: whether there is substantial evidence on the whole record to support the finding of the Secretary that appellant had failed to establish that, at the time of filing his application for "disability" benefits, the headaches of which he complained disabled him from following his usual occupation.

In support of the contention that the Secretary's decision should be reversed, appellant relies strongly upon Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963) and Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963). The more recent case of Ber v. Celebrezze, supra, 332 F.2d 293, is also substantially in accord with those relied upon by appellant.

There can be do doubt but that "disability" under the Act can result from mental as well as physical impairment; the Act so provides. [§ 216(i), as amended, 42 U.S.C. § 416(i); McMullen v. Celebrezze, supra, 335 F.2d at 815–816.] Moreover, we accept the validity of the proposition that subjective symptoms of pain are a significant factor to be weighed in determining whether there exists "disability" as defined in the Act. We recognize, too, that pain, such as that resulting from psychogenic headaches, can be completely real to the claimant, and may indeed be so seemingly real and severe as to result in actual disability to engage in any meaningful employment. These factors cannot, however, overrule the basic statutory mandate that disability benefits under the Social Security Act are to be awarded only in cases of disability "by reason of any [some] medically determinable physical or mental impairment". § 216(i), as amended, 42 U.S.C. § 416(i); see Page v. Celebrezze, supra, 311 F.2d at 763.]

At the same time this does not permit the Secretary, under the guise of "medically determinable . . . impairment", to approach the determination of "disability" within the provisions of § 223(c) (2), from an exclusively technical viewpoint, thereby sacrificing realities of the individual case to rigid requirement of a preponderance of objective clinical findings. [See Bramlett v. Ribicoff, 298 F.2d 858, 860 (4th Cir. 1962).] On the contrary, it may be necessary, in ascertaining whether statutorily-defined "disability" exists in a given case, to determine the truthfulness of allegations of subjective pain; and it is of course the duty of the trier of fact to weigh the evidence and find upon this difficult issue. Moreover, performance of this duty cannot be avoided by facile reference to such medical evidence as deals singularly with objective symptoms demonstrable by laboratory analysis. [See: Ber v. Celebrezze, supra, 332 F.2d 293; Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963);

Page v. Celebrezze, supra, 311 F.2d 757; Hayes v. Celebrezze, supra, 311 F.2d 648; Bramlett v. Ribicoff, supra, 298 F.2d 858.]

In the case at bar, the Secretary was called upon to avail himself of the psychiatric reports and related data, and to determine the trustworthiness of claimed subjective symptoms under the circumstances shown by the evidence. That the Secretary here recognized and performed this duty to consider and appraise the evidence, as to both objective and subjective symptoms of "disability", is demonstrated by quotation from the record under review of the following findings:

"Even considering only the claimant's subjective headache complaints, the evidence does not establish in the opinion of the examiner that such head discomfort as he may suffer has resulted in a severe functional limitation; thus, despite the headaches, he continues able to drive an automobile and in late 1962, just prior to the expiration of this application's effective period he drove a considerable part of the distance between Seattle and Hood River, Oregon, and return, a one-way distance of some 190 miles. He continues also to drive not infrequently back and forth from his present residence to the trailer court, a round-trip distance of some ten miles, to visit friends. Such activity by claimant militates against a conclusion that the headaches are wholly-incapacitating in nature and degree; as shown by the evidence, the headaches are of long-standing duration, and despite their presence did not prevent him from engaging in occupational activity in farming and at the trailer court prior to the chest incident of April 30, 1962, from which he has recovered. There is no medical evidence that the headaches presently experienced are greater in intensity or severity than during the period that claimant was occupationally engaged. It is recog-

nized that Dr. LaViolette did not feel that claimant could pursue work activity for much more than an hour or two, and that Dr. Cohn found claimant 'unable to work.' No detailed medical findings are recorded, however, in these reports, and neither of these physicians had the benefit of such findings, including claimant's successful performance on the Master's Two-Step Test administered by Dr. Eyer. The conclusion, moreover, of a physician that a claimant cannot work or is 'disabled' is not necessarily controlling on the Social Security Administration, particularly when such conclusion lacks detailed supporting medical findings or is controverted by other substantial evidence of record."

■■ It is clear that the burden of proof rested upon appellant to establish his entitlement to benefits under the Act. [§§ 216(i) (1) and 223(c) (2), 42 U.S.C. §§ 416(i) (1) and 423(c) (2); McMullen v. Celebrezze, supra, 335 F.2d at 813–814; Seitz v. Secretary of Social Security Administration, etc., 317 F.2d 743, 744 (9th Cir. 1963); see: Celebrezze v. Bolas, supra, 316 F.2d at 500; Kerner v. Flemming, 283 F.2d 916, 921–922 (2nd Cir. 1960).] And the Act plainly directs that: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." [§ 205(g), 42 U.S.C. § 405(g).] Furthermore, it is equally clear that the same finality extends also to such inferences and conclusions as the Secretary may reasonably draw from the evidence. [McMullen v. Celebrezze, supra, 335 F.2d at 814; United States v. Lalone, 152 F.2d 43, 44 (9th Cir. 1945).]

The decision of the Secretary that appellant has failed to establish, in support of his application for "disability" benefits under the Social Security Act, that the headaches of which he complains disable him from following his usual occupation, is supported by substantial evidence on the whole record. [See Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); see

also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964.) ]

The District Court was therefore correct in granting summary judgment upon the record, and the judgment is affirmed.