**Louis ROSAY, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

No. 65–442.

United States District Court
S. D. California,
Central Division.

Nov. 30, 1965.

Louis Rosay, in pro. per.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Eugene Kramer, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, Chief Judge.

This action was brought under section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)), to review a final decision of the Secretary of Health, Education, and Welfare disallowing the plaintiff's application for establishment of a period of disability and for disability insurance benefits under sections 216 (i) and 223 of the Act, 42 U.S.C.A. §§ 416(i), 423.

The plaintiff filed an application for a period of disability and for disability insurance benefits on February 4, 1963, alleging that he became unable to work on October 22, 1961, at the age of 45. The application was denied initially and on reconsideration by the Division of Disability Operations of the Social Security Administration after the California State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that the plaintiff was not under a disability.

The plaintiff then requested a hearing which was held at Long Beach, California, on June 25, 1964. The plaintiff

appeared and testified. The hearing examiner considered the plaintiff's testimony and all the other evidence of record *de novo*, and on July 20, 1964, issued his decision finding that the plaintiff was not under a disability within the meaning of the Act and was not entitled to a period of disability or to disability insurance benefits.

The hearing examiner's decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council denied the plaintiff's request for review of the hearing examiner's decision on January 19, 1965, and that decision is now subject to review by this Court.

The medical reports in evidence before the hearing examiner can be summed as follows:

1. *California Hospital*—The plaintiff was a patient here twice with respect to his heart problems. The first time he was diagnosed as having a coronary occlusion and was discharged as improved. On the second visit the diagnosis was cardiac decompensation with complication of pneumonitis.

2. *Dr. Custer*—His diagnosis was of post-coronary ischemia with angina. He classified the plaintiff's heart disease as Class I which involves no resulting physical limitations.

3. *Dr. Graham*—His diagnosis was coronary heart disease with angina and marked anxiety tension state. He termed the plaintiff an emotional cripple and suggested psychiatric help.

4. *Dr. Comay* (psychiatrist)—He diagnosed the plaintiff as a psychoneurotic reaction, depressive type with little hope for improvement. He suggested that the pains might be caused by a psychophysiological reaction. He found no evidence of any psychosis.

5. *Dr. Peck*—He diagnosed the plaintiff's problem as pain in the chest wall from electrical shock and considerable nervous shock reaction. He felt that the plaintiff was totally disabled but could not say for how long.

6. *County General Hospital*—Diagnosed as psychophysiological reaction-cardiovascular. They noted no signs of coronary insufficiency.

The overall conclusion of the doctors seems to be that the plaintiff did suffer a mild heart attack which resulted in some pain and has been complicated by a nervous disorder variously described as a psychoneurotic reaction, an anxiety reaction, paranoia, depression and tension. These examinations were conducted. by doctors representing both parties to this action. Only Dr. Peck, who had been treating the plaintiff, was apparently asked the question of whether the plaintiff could work. He ventured the above noted opinion that he could not work at the present.

The two basic findings of the hearing examiner were that the plaintiff's heart disease did not prevent him from doing the work of a chemist and that plaintiff's nervous disorders were not sufficiently serious to constitute a psychosis or some sort of completely destructive mental disease. The defendant's memorandum in support of the motion for summary judgment deals almost exclusively with this problem and the cases cited therein will support the limited propositions for which they are cited.

■ Looking at the heart disease first, the examiner had before him the report of Dr. Custer which classified this disease as a minimal type which did not significantly restrict physical activity. There was also ample testimony that the plaintiff's work as a chemist did not require any strenuous physical exertion. Other medical testimony showed that the plaintiff's EKG's were relatively normal, that his heart was not enlarged, and that generally he had made a good recovery from a heart attack. Defendant is correct that this court is not supposed to substitute its judgment for that of the Secretary. Even if it were, it is likely that a reasonable man not only could but probably would find that the plaintiff's heart disease by itself is not sufficient to prevent him from engaging in substantial gainful work.

As to plaintiff's nervous problems the conclusion reached was that they did not constitute a psychosis or other extremely serious mental problem. The medical testimony reviewed above shows that most of the doctors agreed that plaintiff's problem was psychoneurotic rather than psychotic and that he was generally well-oriented and in touch with reality. Again, therefore, it would seem that a reasonable man not only could but would find that whatever is wrong with the plaintiff emotionally does not constitute a psychosis.

The hearing examiner clearly felt that the above findings foreclosed the issue of disability.[1] He stated that since the plaintiff's nervous problem was not a true psychosis but rather an anxiety or conversion reaction, it was not a mental impairment within the meaning of the Social Security Act. In this decision he was incorrect as a matter of law.

The hearing examiner cited no authority for this interpretation of the Act. The defendant's memorandum only states that the hearing examiner was correct in his decision and cites regulation § 404.1519 [2] as authority.

■ It is difficult to see how this regulation can be read to include only a psychosis and to exclude psychoneurotic reactions. The regulation specifically deals with phychoneuroses as distinguished from psychoses. It notes among the manifestations of such problems: tension, anxiety, depression, psychophysiological disturbances and hysterical reactions. One or more of these symptoms has been noted in almost every medical report concerning the plaintiff. The psychiatrist assigned by the defendant to

1. After reviewing the evidence before him, the hearing examiner reached the following conclusions:

Dr. Comay, a psychiatrist, stated that claimant has a psychoneurotic reaction. In other words, if claimant does have an impairment, it is mostly mental rather than physical in nature; and if it is mental, it is not a true psychosis, but is an anxiety or conversion reaction essentially a personality disorder. Such a personality disorder does not consist of a true mental impairment as contemplated by the Social Security Act.

From all the evidence, therefore, the Hearing Examiner must conclude that claimant does not suffer from any significant medically determinable physical or mental impairment.

2. (a) *General.* Disorders of the nervous system include both organic (resulting from disease or injury) and functional (in which disease or injury to the brain or other parts of the nervous system cannot be demonstrated). These disorders may result in impairment of the individual's ability to perform motor functions, such as walking, manipulating; the ability to communicate, such as speech disturbances; intellectual functions, such as reasoning memory; the ability to make social adjustments; or emotional stability, such as depression. As in cases involving other body systems, there is a wide range in the impairments resulting from varying degrees of severity of these conditions.

(b) *Neurological disorders.* * * *

(c) *Psychiatric disorders.* Among the psychiatric disorders are organic brain syndrome, functional mental disorders,

(1) *Organic brain syndrome.* * * *

(2) *Functional mental disorders (psychoses, psychoneuroses, personality disorders).* The mere presence of psychotic or psychoneurotic symptoms and signs is not necessarily incompatible with the ability to perform substantial gainful work. Consideration is given to whether evidence shows regression or deterioration of the individual's intellectual, behavioral or emotional reactions and whether the defects so impair the effectiveness and predictability of the individual's behavior so as to be incompatible with occupational activity. Some of these disorders frequently respond adequately to treatment. Spontaneous remissions may also occur.

(i) *Psychoses.* * * *

(ii) *Psychoneuroses.* In determining the effect of psychoneuroses, consideration is given to whether the psychoneurosis has resulted in severe social, personal and occupational regression or confinement to a mental hospital and whether it persists despite appropriate treatment. The manifestations of tension, anxiety, depression or psychophysiological disturbances, behavioral disturbances, hysterical reactions or obsessive compulsive patterns should be carefully described. An adequate psychiatric examination is generally necessary. 20 C.F.R. § 404.1519.

examine the plaintiff found a psychoneurotic reaction and suggested that it would probably not improve.

 Even if the regulations could be read to exclude the nervous disorders of the plaintiff, I do not think that the statute itself could. The statute talks about a medically determinable mental impairment. The doctors here have determined that the plaintiff is suffering from a disorder which clearly seems to be mental in origin. In the case of Cox v. Celebrezze, 240 F.Supp. 1013 (D.Ore.1965), the Court reversed the Secretary's denial of disability benefits where a conversion reaction was involved.

Recently the Ninth Circuit has twice concluded in cases where the Secretary was affirmed that this type of nervous disorder, if proved, could constitute a mental impairment.

In the case of McMullen v. Celebrezze, 9 Cir., 335 F.2d 811 (1964), the Court recognized the possibility that a "psychoneurosis mixed with superimposed acute anxiety with hypochondriacal and paranoid features" could result in a disability but found that such a result was not warranted on the facts before it. There the plaintiff refused to submit to a psychiatric examination so that expert testimony was unavailable and chose specifically to rely on his physical problems. In addition, the only doctor who diagnosed these difficulties testified that he did not advise the plaintiff against working. In our case the plaintiff submitted to psychiatric care and was found to have a psychoneurosis and the only doctor who was ever really asked said that he did not feel that the plaintiff could work at the present and was indefinite about the future. Finally, in the McMullen case there was considerable evidence that the physical problems of the claimant were unrelated to his nervous problems while the contrary seems true on the evidence in this case.

The recent case of Mark v. Celebrezze, 9 Cir., 348 F.2d 289 (1965) also recognized the possibility of something less than a psychosis constituting a mental impairment under the Act. In that case

the claimant complained only of bad headaches. The hearing examiner considered these alone, although not physically caused, to be a possible ground for disability. He, however, specifically dealt with the problem and concluded that the headaches suffered by the claimant were not preventing him from engaging in activity similar to what his work could be. The court affirmed noting that the claimant's headaches could be a ground of disability but that it had not been proven in that case.

This interpretation of the law is also in accord with that in other circuits. See Ber v. Celebrezze, 332 F.2d 293 (2nd Cir. 1964) and Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963).

It is ordered that defendant's motion for summary judgment is denied.

It is further ordered that the matter is remanded to the Secretary of Health, Education and Welfare, for further administrative proceedings not inconsistent with the views expressed herein.

It is further ordered that the clerk of the court this day serve a copy of this order by United States mail upon the plaintiff and the United States Attorney.