**Elmo R. JACOBS, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

**No. 24550.**

United States Court of Appeals Ninth Circuit.

Jan. 26, 1970.

John B. Hennessy (argued), Charles A. Lynch, San Diego, Cal., for appellant.

Ronald R. Glancz (argued), Morton Hollander, Robert M. Heier, Attys., William Ruckelhaus, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM.

The judgment of the district court is affirmed. Appellant was denied Social Security disability benefits by the Secretary of Health, Education and Welfare.

But our review of the record indicates this: Upon conflicting evidence, the Secretary could have properly decided in favor of Jacobs. But it was decided the other way. On review the district court and we cannot upset the Secretary if there was substantial evidence to support his determination.

In 1968 the disability standards under the Act were amended (P.L. 90–248, Sec. 158; 42 U.S.C. § 423(d) (2) (A)). Appellant fails to recognize the scope of the Amendment's reduction of the Secretary's burden of proof. However, we reserve the question of the effect of the 1968 Amendment. This is because we believe that there is considerable evidence to support the con-

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

clusion of the hearing examiner that appellant failed to make a showing of substantial disability which, if shown, would, according to the appellant, have then shifted the burden of proof to the Secretary as to availability of appropriate jobs. The examiner may have been mistaken (we can't say he was), but our interpretation of his findings is that he concluded there really wasn't much seriously wrong physically with appellant.

■ Also, we find the point about absence at the initial hearing of Veterans Administration records deprived appellant of a fair hearing to be without merit. It was appellant's burden to get them to the hearing on time.