**Emily L. HARVEY, Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Appellee.**

**Emily L. HARVEY, Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Appellee.**

Nos. 26337, 26671.

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1971.

---

Orville I. Wright, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant's application for disability benefits under 42 U.S.C. §§ 416(i) and 423 was denied. Thereafter, she instituted an action in the district court under 42 U.S.C. § 405(g) to review the appellee's decision denying her benefits. The district court, 313 F.Supp. 323, granted a motion for summary judgment and the appellant now appeals from that judgment. We affirm.

Where, as here, the evidence is in conflict, it is the function of the appellee to decide all issues of fact. Jacobs v. Finch, 421 F.2d 843 (9th Cir. 1970). His findings are conclusive if supported by substantial evidence, looking to the record as a whole. The same rule extends to all inferences and conclusions that may reasonably be drawn from the evidence. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965); McMullen v. Celebrezze, 335 F.2d 811, 814 (9th Cir. 1964), cert. denied 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92 (1965), rehearing denied 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed.2d 238 (1965).

The decision of the appellee is grounded upon the testimony of a vocational counselor, three physicians and a hospital report. This testimony is adequate to support the finding that appellant was not under a disability as defined by the Social Security Act. 42 U.S.C. §§ 416(i), 423(d).

True enough, the record might support a finding in the opposite direction. However, where there is conflicting evidence sufficient to support either outcome, we must affirm the judgment. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971).

Affirmed.