**Ugene L. CUNNINGHAM, Plaintiff,**

v.

**Robert H. FINCH, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 1-70-95.**

United States District Court,
D. Idaho.

Dec. 23, 1971.

Emil Pike, Rayburn, Rayborn, Webb & Pike, Twin Falls, Idaho, for plaintiff.

Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, for defendant.

### MEMORANDUM DECISION

McNICHOLS, Chief Judge.

Plaintiff brings this action for judicial review of a final decision of the Secretary of the Department of Health, Education, and Welfare.

[The defendant], on the other hand, was benefited. For it was able to retain for its own use until now [the funds at issue] . . . ."

Jurisdiction is found in 42 U.S.C. § 405(g), which limits this Court's scope of review as follows:

"* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Pursuant to 42 U.S.C. § 405(g), the Secretary has filed a certified copy of the transcript of the record. This action is presently before this Court on defendant's motion for summary judgment.

The record reveals that plaintiff filed an application for disability insurance benefits on January 10, 1969, stating that he had become unable to work in 1961 because of a heart condition and arthritis. This application was denied by defendant on April 30, 1969. After reconsidering plaintiff's claim, defendant found that the previous decision had been proper. Plaintiff's request for a hearing was granted, and a hearing was held at Twin Falls, Idaho, on April 22, 1970. In his decision, dated June 12, 1970, the Hearing Examiner concluded:

"Based on the foregoing, it is the decision of the Hearing Examiner that the claimant is not entitled to a period of disability or to disability insurance benefits as provided for under Sections 216(i) and 223, respectively, of the Social Security Act, either as it existed prior to 1965 or as subsequently amended, for which he filed applications on August 8, 1962 and on January 10, 1969."

On July 30, 1970, the Appeals Council notified plaintiff that the decision of the Hearing Examiner would stand as the final decision of the Secretary in this case.

Plaintiff last met the special insured-status requirement of 42 U.S.C. §§ 416(i) and 423(c) on December 31, 1965; therefore, in order to be entitled to a period of disability or to disability insurance benefits, it is necessary for the claimant to establish that he was un-der a disability from a time on or prior to this date.

The applicable definition of disability is found in 42 U.S.C. § 423:

"(d)(1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of. not less than 12 months * * *.

(2) For purposes of paragraph (1) (A)—

(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country * * *.

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

The Hearing Examiner considered the testimony produced at the hearing, where plaintiff was represented by counsel, as well as the other evidence of record in rendering his decision. The evidence disclosed that plaintiff was

born August 29, 1923, at Burley, Idaho. He completed high school and attended college for about two months. Later, he attended a business college for eighteen months under Vocational Rehabilitation, where he took courses in typing, shorthand, bookkeeping and accounting. Plaintiff was in the United States Navy from 1943 to 1945, and was discharged because of his heart condition. Plaintiff is now receiving $443.00 a month for himself, his wife and one child in service-connected disability benefits through the Veterans Administration. Plaintiff was last employed in 1961, as a salesman in a sporting goods store. The medical evidence concerning plaintiff was somewhat conflicting.

In reviewing the administrative record in this case, this Court is mindful of the clear authority in this area of the law.

Where the evidence is in conflict, it is the function of the Secretary to decide all issues of fact. Harvey v. Richardson, 451 F.2d 589 (9th Cir., 1971). These findings by the Secretary are conclusive if supported by substantial evidence. Mark v. Celebrezze, 348 F.2d 289 (9th Cir. 1965); McMullen v. Celebrezze, 335 F.2d 811 (9th Cir. 1964), cert. denied 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92 (1965), rehearing denied 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed.2d 238 (1965). Where there is conflicting evidence sufficient to support either result, the Secretary's decision must be affirmed. Rhinehart v. Finch, 438 F.2d 920 (9th Cir. 1971).

After reviewing the record and reading the briefs submitted by counsel, it is the decision of this Court that there is substantial evidence to support the defendant's findings. These findings are, therefore, conclusive; and, the Secretary's decision based on these findings is affirmed.

Summary judgment for defendant is granted. Plaintiff's complaint is dismissed.