Charles D. LEPO, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant.

Nos. C-79-2053 SW, C-81-1567 SW.

United States District Court,
N. D. California.

April 26, 1982.

Robert H. Fabian, Dana Leahy McDowell, Sullivan, Roche & Johnson, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant.

ORDER DENYING PLAINTIFF'S MO-
TION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDG-
MENT

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act as amended, to obtain judicial review of a final decision of the Secretary of Health and Human Services denying his application for Supplemental Security Income benefits. Both parties have filed motions for summary judgment. Having carefully considered the arguments presented,

this court concludes that the Secretary's decision was supported by substantial evidence. The decision of the Secretary therefore is affirmed.

## FACTUAL BACKGROUND

Plaintiff was born in 1930 and began working as a farm hand at age ten. He completed the eighth grade and has had no vocational training. Plaintiff worked for the Pacific Gas & Electric Company from 1947 until 1979, at which time he was placed on long-term disability by the Company. His last position with the Company was gas construction general foreman.

Plaintiff filed an application for Supplemental Security Income benefits based on disability on April 17, 1978. He alleged that he became unable to work on January 31, 1978 due to various physical impairments, including osteoarthritis of the lumbo-sacral spine, recurrent bursitis, arthralgias of the peripheral joints, gout, hypertension, hyperthyroidism, and diabetes mellitus. The application was denied initially and on reconsideration by the Social Security Administration. The administrative law judge (ALJ), before whom plaintiff and his attorney appeared, considered the case *de novo* and on January 23, 1979, found that plaintiff was not disabled. The ALJ's decision became the decision of the Secretary of Health and Human Services when the Social Security Administration Appeals Council approved it on June 12, 1979. Plaintiff initiated a civil action in this court on August 6, 1979. By order dated March 13, 1980, this court remanded the case with instructions that the Secretary consider new medical evidence, make a specific finding as to whether plaintiff was disabled with respect to his former occupation, and if plaintiff was so disabled, come forth with evidence as to plaintiff's skills and the availability of specific jobs corresponding to those skills.

The Appeals Council vacated its denial of plaintiff's request for review, and remanded the case to an ALJ on May 21, 1980. The ALJ, before whom the plaintiff and his attorney appeared, considered the case *de novo* and on November 18, 1980, found that plaintiff was not disabled. The Appeals Council, after consideration of exceptions and additional evidence submitted by plaintiff's attorney, approved the ALJ's decision on February 27, 1981. The ALJ's decision then became the final decision of the Secretary of Health and Human Services.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the jurisdiction of the court is limited to the question of whether the findings of the Secretary are supported by substantial evidence. *Hall v. Secretary of Health, Education, and Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979). Applying this test, the court must uphold the Secretary's determination that plaintiff is not disabled for the purposes of receiving benefits if the findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court must look at the record as a whole and not merely the evidence tending to support a finding. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978); *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976).

In order for a claimant to qualify for disability insurance benefits, he must bear the initial burden of proving that he is disabled. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Seitz v. Secretary of Social Security Administration*, 317 F.2d 743, 744 (9th Cir. 1963). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 223(d)(1)(A) of the Social Security Act.

## SUBSTANTIALITY OF THE EVIDENCE

Plaintiff contends that the ALJ's findings are not supported by substantial evidence because the ALJ "arbitrarily chose to ignore the expert opinion of ... plain-

tiff's treating physician." (Plaintiff's Counter-Motion for Summary Judgment, p. 7). For reasons set out below, this court finds that the ALJ on remand duly considered the opinion of plaintiff's treating physician, and that there is substantial evidence in the record to support the ALJ's finding that plaintiff was not disabled under the Act.

The "expert opinion" to which plaintiff refers is Dr. Alper's statement that Mr. Lepo "is not medically fit to work at all and that his rehabilitation potential is nil." (Tr. 71880, Exhibit AC 2.) Plaintiff overlooks the Social Security Administration regulation that states that it is the responsibility of the Secretary to determine the existence of a disability.

> A statement by a physician that an individual is, or is not, "disabled," ... or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence...

20 C.F.R. § 404.1526. The ALJ on remand did not "ignore" Dr. Alper's statement, but rather, put it in the context of the entire record. Dr. Alper stated in the same letter that "the complications seen at the time of the acute coronary are controlled..." (Exhibit AC 2), and he stated at a later date that Mr. Lepo's electrocardiograms "have remained stable" since the January 1980 myocardial infarction (Exhibit A 1).

Dr. Alper's opinion that the claimant is disabled appears to be based in large part on claimant's medical problems prior to the myocardial infarction. Although Dr. Alper felt that the claimant was disabled even before the myocardial infarction, Doctors Curran, Ross, and White felt that Mr. Lepo was able to work. Dr. Curran stated that "[a] job in which he is moving often and can keep his 'bones limber' would be the type of job best suited for him." (Tr. p. 144.) Dr.

White felt that "he would be able to perform some type of light work which would not require him to stoop repetitively or lift heavy objects." (Tr. p. 160.) Thus, plaintiff's argument that Dr. Alper's expert opinion is uncontradicted is incorrect. Dr. Alper's reports indicate that it was not Mr. Lepo's myocardial infarction that constituted his disability and Dr. Alper's opinion that Mr. Lepo's arthritis and athralgias rendered him disabled is contradicted by other medical testimony.

This court reiterates that it has no power to make a *de novo* review of the medical evidence. It is empowered to determine only if the Secretary's decision is supported by substantial evidence. Generally, when there is conflicting evidence sufficient to support either outcome in a Social Security disability case, the reviewing court must affirm the decision made. *Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971).

Plaintiff's argument that the Secretary did not meet his burden of producing evidence as to plaintiff's skills and the availability of jobs corresponding to those skills is not convincing. Plaintiff takes exception to the testimony of Mr. Stopp, a vocational expert, because the ALJ told Mr. Stopp to assume that plaintiff could do sedentary work. Plaintiff contends that Mr. Stopp's opinion was "unsound" because of this threshold assumption. This would be true only if the record did not support the assumption. *Roe v. Califano*, 433 F.Supp. 1157, 1164–65 (D.Md.1977). As discussed above, there is substantial evidence in the record to support the ALJ's finding that plaintiff is capable of at least sedentary work.

Plaintiff claims that he was denied a full and fair hearing because the ALJ was reluctant to consider the testimony of Mr. Thomas, plaintiff's vocational expert. While it is true that the ALJ did curtail Mr. Thomas' testimony to some extent, this court finds that this curtailment was at most, harmless error. At no point during these proceedings has plaintiff been denied due process.

Having scrutinized all the evidence, this court concludes that the Secretary's decision that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.