Francis E. SIMMONS, SSAN: 527–05–0264, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. No. 82–1089 Phx. WPC.

United States District Court, D. Arizona.

May 2, 1983.

Patricia Jerome Stewart, Jerome & Gibson, Phoenix, Ariz., for plaintiff.

John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

### MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff Francis E. Simmons has brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services (HHS). The Secretary denied Simmons' claim for disability insurance benefits on the basis that Simmons was able to engage in gainful activity and was therefore not disabled within the meaning of the Social Security Act. The Secretary has moved for summary judgment to affirm the decision. Simmons has filed a cross-motion for summary judgment seeking reversal of the HHS decision. In the alternative, Simmons seeks to have this matter remanded to

HHS for further proceedings and consideration of additional evidence.

Simmons filed an application for disability insurance benefits alleging that he became unable to work on February 20, 1979. The application alleged disability due to a heart ailment and high blood pressure. The application was denied both initially and on reconsideration by the Social Security Administration, which determined that plaintiff was not under a disability. Simmons subsequently sought de novo review before an administrative law judge (ALJ) of this determination. On February 23, 1982 the ALJ found that Simmons was under no disability sufficient to entitle him to disability insurance benefits under the Social Security Act.

Specifically, the ALJ found that Simmons suffered from hypertension, arteriosclerosis and coronary artery disease, all of which were under control with medication. The ALJ also found that Simmons suffered some mild weakness and numbness in his legs. Despite these findings, the ALJ determined that Simmons nevertheless retained residual functional capacity to perform sedentary work so long as Simmons could move about as needed for his own comfort and that such work was not of a stressful nature. The ALJ further found that significant numbers of jobs existed in the economy for which Simmons was qualified and physically able to perform. The ALJ accordingly determined that Simmons was not under a disability as defined in the Social Security Act at any time through February 23, 1982, the date of his decision.

Simmons timely requested review of the ALJ's decision and submitted a psychological evaluation conducted by Dr. Michael Cofield as additional evidence. After reviewing this evidence, the HHS Appeals Council on June 2, 1982 denied Simmons' request for review and refused to admit the Cofield report to the record on the basis that the findings contained therein did not relate to the period covered by the ALJ's hearing decision. Simmons subsequently requested the Appeals Council to reconsider this action on the basis that the Cofield

report contained a statement that Simmons suffered from an emotional condition which, as Dr. Cofield found at the time of the report in April, 1982, existed for a period of at least twelve months. On August 10, 1982 the Appeals Council denied Simmons' request for reconsideration, noting that the Cofield report contained no detailed findings documenting an emotional condition prior to April 13, 1982. The Appeals Council therefore found no reason to warrant changing its action of June 2, 1982. The ALJ's decision of February 23, 1982 therefore became the final decision of HHS. This final decision is the subject of Simmons' instant action.

In support of reversal or remand, Simmons makes essentially three arguments. Simmons first maintains that the testimony of a vocational expert at the hearing was legally deficient because it was based upon inadequate hypothetical questions posed by the ALJ. Simmons contends that the ALJ therefore erred as a matter of law in relying on such testimony. Secondly, Simmons argues that the Appeals Council's refusal to consider the report of Dr. Cofield with respect to Simmons' disability status prior to the time of the ALJ's decision constitutes an abuse of discretion. Because of this, Simmons asks this court to remand this case to HHS so that this report may be considered. Finally, Simmons contends that the ALJ's decision is not supported by substantial evidence.

Disability insurance benefits may be awarded to an applicant who is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death" or which may last (or has lasted) for at least twelve consecutive months. 42 U.S.C. § 423(d)(1)(A). An individual is to be determined to be under a disability "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). In reviewing findings of fact with respect to such determinations, this court must determine whether the decision by HHS is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In weighing this evidence and making determinations, however, proper legal standards must be applied. *Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir.1978). After consideration of arguments by counsel and full review of the record in the instant action, this court is of the opinion that the Secretary did not err as a matter of law and that the final decision of HHS is supported by substantial evidence.

### I. *Testimony of the Vocational Expert.*

■ The burden of proof rests initially upon the claimant to demonstrate an inability to pursue his customary occupation. *Giampaoli v. Califano,* 628 F.2d 1190, 1193 (9th Cir.1980); *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1375 (9th Cir.1979). The burden then shifts to the Secretary to show "that the claimant can engage in other types of substantial gainful work that exist in the [national] economy." *Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980); *Kornock v. Harris,* 648 F.2d 525, 526 (9th Cir.1980). Such employment must involve "realistic job opportunities." *Sample v. Schweiker,* 694 F.2d 639, 643 (9th Cir.1982); *Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir.1981). Moreover, reference to such employment possibilities should be specific. *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1374 (9th Cir.1979).

Based upon the medical evidence before him, the ALJ found Simmons to be unable to perform his customary work. The ALJ accordingly sought testimony from Dr. Brewer, a psychologist and qualified vocational expert. Dr. Brewer testified that he had examined the entire exhibit file in the case, was present as Simmons testified, and was familiar with the Social Security Ad-

ministration regulations dealing with work activity. Dr. Brewer opined that Simmons was able to perform work of a skilled nature which would be transferrable to sedentary type occupations. Dr. Brewer gave specific examples of such work skills. The ALJ then posed the following hypothetical question:

> Dr. Brewer, I would now ask you to take into consideration Mr. Simmons' age, education, work experience, training and background as shown by the exhibits you reviewed and his testimony here today. Also assume, please, that he has high blood pressure which is under fairly good control with medication, and he also has a generalized arteriosclerosis plus some residuals of a prior lumbar laminectomy, and as a result of these conditions, he is limited to sedentary work, as that term is defined, provided that he can get up or down or move about and doesn't have to sit in one position for long periods of time; and also that he would be unable to work where he would be in either a management or supervisory position or dealing with the public or other such work which would place any mental or emotional stress on him in the performance of his work activity. Having those limitations in mind, Dr. Brewer, do you have an opinion whether jobs exist in the economy [for] which Mr. Simmons would be vocationally qualified and still physically and medically able to perform?

Dr. Brewer responded that Simmons could perform as a general office clerk, and gave some specific examples of tasks he could perform. He further testified that roughly 4,000 such jobs which claimant could perform existed in Phoenix, and 8,000 statewide.

Simmons argues that the hypothetical question posed to Dr. Brewer is legally defective in its failure to comprehensively describe the physical and mental limitations on his ability to function. Simmons maintains that the ALJ should have incorporated within the question his complaints, among other things, of "chest pain, dizziness, and shortness of breath on the slightest exertion." This court does not agree.

The ALJ did not, in so hypothesizing, improperly limit the scope of evidence Dr. Brewer was allowed to consider in framing his testimony. It is the role of the ALJ to weigh evidence for probative value and credibility. The vocational expert "merely translates factual scenarios into realistic job possibilities." *Sample v. Schweiker,* 694 F.2d 639, 643 (9th Cir.1982). Accordingly, the ALJ in forming hypothetical questions may determine the work limitations established by the evidence. *Id.* at 643–44. That he may not accept all of a claimant's allegations in forming a question is within his province, so long as substantial evidence supports his assessment of the claimant's condition. *Id.* In the instant case, while the ALJ did not accept all of Simmons' complaints for purposes of framing the hypothetical question, he did take a great deal of Simmons' testimony into account. Because, as discussed more fully later in this memorandum, substantial evidence supports the ALJ's assessment of Simmons' condition and functional abilities as reflected in the assumed facts of the hypothetical posed to Dr. Brewer, this court finds no error.

## II. *Evidence Before the Appeals Council.*

The ALJ found that Simmons was under no disability at any time through the date of his decision on February 23, 1982. Recent amendments to the Social Security Act make it clear that an application for disability insurance benefits may be approved only if a claimant establishes that he or she was disabled at some point prior to issuance of a hearing decision by an ALJ. 42 U.S.C. § 416(i)(2)(G). Simmons, in requesting review of the ALJ's decision by the Appeals Council, submitted as additional evidence the psychological report of Dr. Cofield dated in April, 1982. The Appeals Council denied review and determined that the findings in the Cofield report did not relate to the period covered by the ALJ's hearing decision. Specifically, the Appeals Council found that the Cofield report contained no detailed findings documenting ex-

istence of a claimed emotional condition before April 13, 1982. The Appeals Council therefore determined that it would not consider the report with respect to Simmons' disability status as of February 23, 1982.

■ Simmons argues that the Appeals Council erred in failing to consider the report, and that therefore this action should be remanded to the Secretary. This court does not agree. Initially, it should be noted that the Secretary did consider the Cofield report as far as its relevance to the time period in question. While later discovered evidence may relate back and be considered probative of the nature or degree of disease or disability at some prior time, *see Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975), it is this court's opinion that the Secretary's decision as to the relevance of the report should not be disturbed. As the Secretary determined, the specific psychological conclusions in the report relate primarily to Simmons' condition as it existed at the time the report was compiled. Moreover, it is not appropriate for this court to substitute its judgment as to probative value and credibility for that of the Secretary where substantial evidence in the record supports the Secretary's decision. *See Jacobs v. Finch,* 421 F.2d 843, 843 (9th Cir. 1970). This court is of the opinion, after independent evaluation of the Cofield report, that the Secretary did not err in finding the report inapplicable to the time period covered by the hearing decision. *See Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982).

The Cofield report also cannot support Simmons' argument for remand based upon evidence newly presented to this court under 42 U.S.C. § 405(g). First, there is no possibility that the report would alter the Secretary's decision because the Appeals Council has already so stated. *See Ward v. Schweiker,* 686 F.2d 762 (9th Cir.1982); *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981). Further, the evidence is cumulative in that the record already contains psychological evidence obtained by counsel for Simmons which demonstrates that Simmons' alleged emotional problems were not

a critical factor with respect to his ability to return to substantial gainful activity. As the Appeals Council noted, if Simmons' psychological condition has deteriorated, he may file a new application for benefits. *See Ward v. Schweiker,* 686 F.2d 762, 765–66 (9th Cir.1982).

### III. *Substantial Evidence.*

■ Simmons finally argues throughout his motion papers that substantial evidence does not support the decision of the ALJ that Simmons is not disabled. This court is of the opinion, however, that substantial evidence exists which supports the findings and decision of the ALJ. Moreover, it is evident from the record and the written opinion of the ALJ in this case that the ALJ considered the record in its entirety in making his findings and decision. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The ALJ determined that Simmons suffered from impairments which precluded his return to his prior employment activities. Among these impairments were hypertension, high blood pressure, a heart ailment and some weakness and numbness of the legs. The ALJ concluded, however, that these conditions either singly or in combination were not of sufficient severity to preclude Simmons from performing all sedentary work.

In reaching this conclusion, the ALJ noted the report of Dr. Lipschulz, who thoroughly examined Simmons in November, 1980. Lipschulz reported that Simmons' hypertension was controlled by medication and that he could perform work requiring light exertion. Lipschulz further noted that Simmons' occasional chest pains were relieved by medication. Moreover, Simmons' blood pressure and resting EKG were noted as normal.

The ALJ also considered the opinions of Simmons' two treating physicians, Dr. Licosati and Dr. Hillis. Their findings to some extent corroborate the findings of Dr. Lipschulz' assessment of Simmons' condition. In addition, a psychological evaluation by a Dr. Street was considered which indicated

that Simmons could perform low-stress work. Further, a report by a Dr. Cucher was considered with respect to diagnosis of Simmons' heart ailment. Dr. Cucher, however, did not reveal to what extent Simmons' heart ailment limited his ability to engage in work activity. Finally, the ALJ took into account the testimony of the vocational expert, as discussed earlier, as well as the statements of the claimant himself.

The ALJ also addressed the evidence in the above reports which supported Simmons' claim of disability, notably the opinions of his two treating physicians that Simmons should not engage in any type of work activity. This court has thoroughly reviewed the entire record in this action and is of the opinion that the ALJ adequately considered all of the evidence before him and that substantial evidence supports his decision. While certain evidence in the record may be construed and weighted to support a different result in this case, this function is one for the ALJ. It is not this court's task to sort and weigh conflicting evidence. *Day v. Weinberger,* 522 F.2d 1154, 1156–57 (9th Cir.1975); *Jacobs v. Finch,* 421 F.2d 843, 843 (9th Cir.1970). The final decision of the Secretary must therefore be affirmed.

IT IS ORDERED:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted. The Clerk shall enter judgment accordingly.