Ray A. HUFFMAN, Plaintiff,

v.

John GARDNER, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. No. 68–84.

United States District Court
D. Oregon.

Sept. 20, 1968.

Herbert W. Lombard, Sr., Lombard, Lombard & Williams, Cottage Grove, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION

SOLOMON, Chief Judge:

The Secretary of Health, Education, and Welfare (Secretary) found that Ray A. Huffman (claimant) was not entitled to a period of disability under 42 U.S.C. § 416(i) or to disability benefits under 42 U.S.C. § 423. The decision is here for review under 42 U.S.C. § 405(g).

Claimant is 46 years old and a high school graduate. On June 23, 1959, he injured his right leg in an industrial accident, and two and a half years later it was amputated. In 1963, he began to complain of back pain; x-rays showed a healed compression fracture and a narrowing of the lumbo sacral joint. He gained weight rapidly; in August, 1965, it was found that he suffered from diabetes. He perspires profusely because the amputation disturbed the heat regulation in his body. Perspiring interferes with his vision and prevents him from doing "bench work" which requires periods of concentration. The hearing examiner found that "[w]ithout crutches and a cane, the claimant can stand for about one hour * * *."

At the time of his accident the claimant worked in a saw mill as a head "rig off bearer," a job requiring agile footwork. He had previously worked as a police patrolman, a penitentiary correctional officer, and an Army instructor in combat training and physical fitness. For three years after the amputation the claimant operated a small grocery store with other members of his family. He was unable to perform duties requiring any physical exertion. The business

proved unprofitable and it was therefore closed.

■ A claimant has the burden of proving that he is entitled to benefits under the Act. Seitz v. Secretary, 317 F.2d 743 (9th Cir. 1963). He must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d) (1) (A).[1] The hearing examiner found that claimant was able to engage in substantial gainful employment and that his present inability to find a job resulted from his own lack of motivation. These findings must be sustained if supported by substantial evidence. 42 U.S.C. § 405(g).

■■ A claimant must demonstrate an inability to perform the type of work in which he was previously engaged and a lack of experience for another occupation. The Secretary then has the burden to show that there are other types of work the claimant can do. Rosin v. Secretary, 379 F.2d 189 (9th Cir. 1967).

In 1968 Congress amended the Social Security Act to provide:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d) (2) (A).

In Flake v. Gardner, 399 F.2d 532 (9th Cir. 1968), the Court expressly left open the question of whether the amendment constituted a legislative rejection of *Rosin.* We think that *Rosin* and the amendment are consistent.

■ At the time of the amendment Congress was aware of the presumption in *Rosin,* but did not reject it. The statutory changes were limited to the findings necessary to rebut the presumption. Under the amendment the Secretary need not show that jobs are available in claimant's locale, or that jobs are available for the claimant, or that the claimant would be hired if he applied for work. In other words, the amendment reflects a determination that the Secretary should not be required to prove that this particular claimant could find employment.

The statute leaves unchanged the principle that to rebut the presumption the Secretary must show that there are employment opportunities for the class of people suffering from the same disabilities as the claimant. The question is whether there are jobs for which the claimant may reasonably be expected to compete; not whether there are any vacancies.

The hearing examiner denied the claimant's application, relying primarily on written reports of examining physicians who were not present at the hearing.[2] Two reports stated that claimant "should not be totally [disabled]"

---

1. A physical or mental impairment is one which is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d) (3).

2. The adequacy of such evidence has been questioned in Ratliff v. Celebrezze, 338 F. 2d 978 (6th Cir. 1964), where the Court said: "These cases often reveal an in-

adequacy as far as medical evidence is concerned, and many of the proofs are unsatisfactory, since they consist of unsworn written statements by physicians and surgeons with no opportunity given to a claimant to ask questions or to cross-examine." This observation is particularly appropriate here where the record shows that claimant felt that the doctors' written reports conflicted with what they had told him in their offices.

and that he "may work full time at a suitable occupation." Another report suggested "various types of light work." This is the extent of the government's suggestions of employment possibilities, except for the hearing examiner's comment that claimant can work as "a gate guard, or something like that * * " [3]

■■ There is no basis for the hearing examiner's conclusion that the claimant could return to work "closely related to his former jobs." The claimant's only previous job which did not require him to be on his feet was that connected with the operation of the grocery store, and we do not consider the operation of this store relevant to the present inquiry. The grocery business was begun through an investment of the claimant's capital, and it was operated by him and his family, with his family doing all of the work which required physical exertion. Clearly the standards determining whether he could work in his own business are not the same as those determining whether a third person would be willing to pay for the claimant's services.

■ The government does not rebut the presumption merely by showing that the claimant is theoretically able to work. Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960); Rosin v. Secretary, supra. At most this is all the Secretary has done. I find that there is no substantial evidence to support the examiner's finding.

■ There is no merit to the Secretary's assertion that the claimant was unable to find work because he lacked motivation. Conclusional remarks in a letter from a social worker that the claimant has "difficult emotional problems" and a "lack of motivation" are insufficient to support the Secretary's findings, particularly when they are not accompanied by supporting information. This evidence is also insufficient to show that the employment difficulties of a

person who is a diabetic amputee, who perspires so profusely that he has trouble seeing, and who cannot stand unaided for more than an hour are not due to his physical handicaps. Moreover, after the amputation claimant sought and obtained work as a cleanup man in a saw mill, but he was unable to work a two-hour shift because of his physical disabilities. The claimant's own expressions of doubt about his ability to find work are the natural fears of a person with these disabilities.

■ I find that the Secretary's findings are not supported by substantial evidence and that the claimant's disabilities entitle him to benefits under the Act. This opinion will serve as findings of fact and conclusions of law under Rule 52(a) Fed.R.Civ.P.

---

3. Several courts have held that the secretary does not prove his case by a mere suggestion that the claimant might be able to perform some "non-physical, observational job." Rosin v. Secretary, 379 F.2d 189 (9th Cir. 1967); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).