**Nellie Weaver WILLIAMS, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4397–67.**

United States District Court
S. D. Alabama, S. D.

Dec. 17, 1969.

**1358**

William H. Hardie, Jr., Mobile, Ala., for plaintiff.

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for defendant.

## ORDER

PITTMAN, District Judge.

Plaintiff seeks review of a decision of the Appeals Council of the Department of Health, Education and Welfare adopting a determination of the Hearing Examiner, made August 22, 1966, that her husband (deceased) *had failed to establish a period of disability* to qualify for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. Sections 416(i) and 423.

Review of Social Security cases is not de novo but is limited to a consideration of whether the decision of the Secretary is supported by substantial evidence. Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir. 1966). After a review of the entire record the court has concluded that there is substantial evidentiary support for the decision reached by the Hearing Examiner, and that the Secretary's motion for summary judgment must, therefore, be granted.

The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in *any* substantial gainful employment. Farley v. Celebrezze, 315 F.2d 704 (3rd Cir., 1963), Title 42, U.S.C., Section 423.

The proper test of "substantial gainful employment" is the possibility of finding employment in *any* field and is not restricted to the type of work * * * of the wage earner prior to disablement. Hutton v. Flemming, 188 F.Supp. 238 (U.S.D.C. Kansas, 1960), Title 42, U.S.C., Section 423.

The burden of proof is on the claimant to show not only that her husband's infirmities prevented him from working at his former occupation, but also that he was unable to perform any substantial gainful work during the period of coverage. Hicks v. Flemming, 302 F.2d 470 (5th Cir., 1962).

The deceased wage earner, Leroy Rivers, filed an application on August 10, 1965, to establish a period of disability and for disability insurance benefits under the Social Security Act. This application was denied on November 10, 1965. Action was then brought in this court, which remanded the case for the taking of further evidence.

After the taking of additional evidence, the application was again denied on February 20, 1969, and is now back before this court on review.

It is undisputed that the deceased wage earner last met the special earnings requirements for insured status on September 30, 1962. Therefore, it is necessary for the evidence to establish

that he was under a disability on or before September 30, 1962.

The most favorable evidence for the applicant's position comes from Dr. James E. Kimbrough and Dr. C. E. May.

Dr. Kimbrough stated that he first treated Mr. Rivers on May 9, 1961, for diabetes. It was kept under control by oral medication. At no time was Mr. Rivers given insulin injections.

In February 1963, Dr. Kimbrough treated Rivers for a hip pain attributable either to a diabetic condition or an arthritic condition.

The first manifestation of any heart disease was also in February 1963, based on an elevation in blood pressure. But Dr. Kimbrough stated that there was no way he could determine whether or not Mr. Rivers had a heart condition on or prior to September 30, 1962, the last date at which Mr. Rivers had insured status.

Dr. Kimbrough stated that nothing in Mr. Rivers' medical record indicated that he was unable to perform a light job, a seated job in which he could rise frequently.

Dr. C. E. May testified that he first treated Mr. Rivers in 1958 for an arthritic condition. Dr. May saw Mr. Rivers twice, and had no written record of treatment, thus relying solely on his recollection of what transpired ten years prior. He stated that at the time of his examination, Dr. May felt that Rivers was unable to work on a temporary basis. He said he never saw him enough to ascertain whether there was any permanent disability. He did not treat Rivers for anything other than arthritis. Dr. May performed no laboratory tests, x-rays, or chemistries on Rivers.

Dr. Leon V. McVay, Jr. based his testimony on a review of the medical evidence and depositions of various physicians taken prior to his testimony. He felt it would be practically impossible to relate Rivers' known cardiovascular disease at the time of his death in 1966 to any heart condition which might have existed on or before September 30, 1962. To the contrary, he stated that:

"* * * It is very difficult for me to believe * * * that a man would have had angina of that degree in 1962, and prior, and having taken no care of his body weight and his diet or anything of that character and still weigh 205 * * * in 1965 and not have been in serious trouble * * * in the sense of requiring hospitalization for cardiovascular disease somewhere in that period * * *."

It was Dr. McVay's opinion that Rivers' primary problem was diabetes.

Dr. Paul Petcher, the last physician to treat the deceased, testified that Rivers' diabetes was reasonably well controlled, even as late as February 24, 1966.

A Dr. Perlman, who x-rayed Rivers on October 11, 1965, in connection with an examination, concluded that the claimant's arthritis involvement was not of a severe magnitude and fully consistent with his age and previous occupation.

All physicians agree that it would be very difficult to relate back Rivers' cardiovascular disease in 1965 and 1966 to a period on or before September 30, 1962.

All agree that the treatment given Rivers for his diabetic condition, i.e., oral medication, was an indication of its lack of severity.

Thus it appears that there was substantial evidence for the Hearing Examiner to conclude that Rivers was not entitled to disability benefits.

Therefore, it is ordered, adjudged, and decreed that the defendant's motion for summary judgment be and the same is hereby granted.