**Emily L. HARVEY, Plaintiff,**

v.

**Robert FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 52159.**

United States District Court,
N. D. California.

May 21, 1970.

Orville I. Wright, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for defendant.

Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment

GERALD S. LEVIN, District Judge.

This is an action instituted by the plaintiff pursuant to Section 205(g) of the Social Security Act, as amended, [42 U.S.C. § 405(g)], to obtain court review of the final decision of the Secretary of Health, Education and Welfare disallowing plaintiff's application for the establishment of a period of disability and for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act [42 U.S.C. §§ 416 (i) and 423].

The plaintiff filed an application for a period of disability and for disability insurance benefits on October 9, 1967, alleging that she became unable to work on

July 12, 1967, at age 45. The application was denied initially and again on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the California State Department of Rehabilitation, upon evaluation of the evidence by a physician and a disability examiner, had found that the plaintiff was under a disability.

The plaintiff then requested a hearing which was held on November 22, 1968, where the plaintiff, her attorney, and a vocational expert appeared and testified. The hearing examiner's decision became the final decision of the Secretary of Health, Education and Welfare when it was approved by the Appeals Council on July 11, 1969, and that decision is now subject to review by this court.

Plaintiff is a 48-year-old woman and has one minor son. Plaintiff's initial formal education ended at age 13 in England, but she resumed her schooling at age 17 and has been taking courses, even while working, ever since. As of the date of the hearing, plaintiff's educational background included three years of medical training in England, three semesters of college-level courses at San Francisco City College,[1] and other special training on the job. Plaintiff indicated her intention to go on to a four-year college after finishing her course of study at San Francisco City College, with her eventual goal being that of a teaching career.

Prior to her claimed disability, plaintiff had done various kinds of work, including office work, secretarial work, personnel work, accounting, bookkeeping, programming for IBM, and had held positions as an assistant buyer, supervisor, key punch operator, bank manager's secretary, and "Kelly Girl". Plaintiff has done "just about anything in the clerical line."

Plaintiff's claimed disability stems from a back and shoulder condition which followed an operation on a lump in her neck and which greatly inhibits the tasks she can perform with her right arm and which results in pain and fatigue when her right arm is used for any extended period or for any but the lightest work. Because of an increased dependency on her left arm, plaintiff developed epicondylitis in her left arm and had to have that arm in a cast for a period.

At the hearing plaintiff testified that she suffers from fatigue when she does anything with her right arm for a period as short as 10 to 15 minutes, including tasks such as filing and writing. Plaintiff further testified that most of the heavy tasks around plaintiff's home were being performed by her mother-in-law, who was residing with plaintiff.

Plaintiff could, however, perform certain light tasks with her right arm, such as driving for a short time (and shifting gears or turning on the ignition with her right arm), putting on a hair wig with her right arm, writing short essays (although with discomfort later) and typing for about 15 minutes at a time.

The vocational expert who appeared at the hearing testified that plaintiff was qualified to perform several jobs existing in the national economy and listed in the Dictionary of Occupational Titles. Even taking into account those medical reports which were most favorable to plaintiff, the vocational expert nonetheless considered the plaintiff qualified to be an administrative assistant or chief clerk (both of which jobs are rated as "sedentary"), or to do personnel work (interviewing) or to do general office work (filing, recording, etc.).[2]

---

1. While taking courses at San Francisco City College, plaintiff was an honor student, mantaining a B+ average, and was president of a school honor society.

2. The vocational expert indicated that there were other positions which the plaintiff might hold, but limited his list to those which he considered appropriate in light of plaintiff's rich background and the remuneration which she had formerly been receiving.

In reaching his decision the hearing examiner noted that "[t]he medical evidence fairly well establishes that the claimant has an impairment to her right arm and shoulder which has caused pain and has rendered the right arm virtually useless. However, there has been good range of motion of the shoulder." After reviewing the plaintiff's background and the testimony of the vocational expert, the hearing examiner concluded that the plaintiff was not disabled within the meaning of the Social Security Act and that the plaintiff was qualified to hold any of the jobs enumerated by the vocational expert as well as, perhaps, a position such as an insurance claims adjuster.

## DISCUSSION

A claimant is entitled to Social Security disability benefits if he shows, *inter alia*, that he suffers from an "Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d) (1) (A). The issue before this court is whether there is substantial evidence on the whole record to support the Secretary's finding that the plaintiff has failed to establish that she has a medically determinable impairment(s) of such severity as to preclude her from engaging in any substantial gainful activity.

■ The Secretary's findings of fact are conclusive if supported by substantial evidence based on the record as a whole. This same finality extends as well to such inferences and conclusions as the Secretary may reasonably draw from the evidence. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965); McMullen v. Celebrezze, 335 F.2d 811, 814 (9th Cir. 1964), cert. den., 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92 (1965), reh.

den., 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed. 2d 238 (1965). Where the evidence is in conflict, it is the job of the Secretary to choose between the various reasonable resolutions thereof. See Jacobs v. Finch, 421 F.2d 843 (9th Cir. 1970); Celebrezze v. Bolas, 316 F.2d 498, 501 (8th Cir. 1963).

■ In the present case the controversy is not so much over the factual findings made by the Secretary, but rather over the legal conclusions drawn therefrom by the Secretary. This court is convinced that the evidence is more than ample to support the Secretary's conclusion that the plaintiff is able to engage in substantial gainful activity.

■ While it is true that great pain may constitute a disability within the meaning of the Social Security Act, e. g., Sayers v. Gardner, 380 F.2d 940, 948 (6th Cir. 1967); Goodwin v. Gardner, 250 F.Supp. 454, 458 (N.D.Cal. 1966); 23 A.L.R.3rd 1034 Anno.: Social Security—Disability—Pain; Note, "Social Security Disability Benefits: Three Current Problems," 52 Minn.L.Rev. 165, 182–190 (1967), the presence of pain is only one factor and is generally not determinative in a claim for disability benefits. See Garboden v. Secretary of Health, Educ. & Welfare, 258 F.Supp. 370, 372 (D.Or.1966). In determining whether the claimant can engage in substantial gainful activity, the claimant's age, training, and background must all be taken into account. 42 U.S.C. § 423 (d) (2); McMullen, *supra*, 335 F. 2d at 816; Graham v. Ribicoff, 295 F.2d 391, 394 (9th Cir. 1961); Townend v. Cohen, 296 F.Supp. 789, 794 (W.D.Pa.1969).

■ Thus the fact that a claimant has lost even complete use of an arm will not automatically entitle the claimant to disability benefits if there remain substantial gainful jobs for which he can still qualify. See Wright v. Gardner, 403 F.2d 646 (7th Cir. 1968); Robinson v. Celebrezze, 326 F.2d 840 (5th Cir. 1964), cert. den., 379 U.S. 851, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964).

 Under recent amendments to the Social Security Act,[3] applicable here, the Secretary need no longer present evidence of an actual, reasonable job for which the claimant is qualified and could in fact obtain. Labee v. Cohen, 408 F.2d 998, 1000 (5th Cir. 1969). As the court said in Trujillo v. Cohen, 304 F.Supp. 265, 268 (D.Colo.1969):

> It is only necessary that the claimant be able to perform some job which exists in the national economy. It makes no difference that a job opening is not presently available in the area or that the claimant could not compete with other persons under no impairment for the job in question. [Citations Omitted.]

See also Williams v. Finch, 307 F.Supp. 1357, 1358 (S.D.Ala.1969); Huffman v. Gardner, 292 F.Supp. 331, 333 (D.Or. 1968). As a result, then, the unwillingness of employers to hire the claimant is not a factor bearing on the claimant's entitlement to disability benefits. William Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970); *Labee, supra*; Patton v. Finch, 305 F.Supp. 810, 814 (W.D.N.C. 1969).

 In the present case the vocational expert based his opinion on proper factors, see Schmidt v. Secretary of Health, Education & Welfare, 299 F. Supp. 1315, 1318 (D.Puerto Rico 1969), and could rely in part, as he did, on the Dictionary of Occupational Titles. Russell v. Cohen, 306 F.Supp. 182, 188 (D. Montana 1969). It seems apparent to this court that the plaintiff is in fact qualified for most if not all of the positions noted by the Secretary; that such positions might not actually be presently available to the plaintiff is not dispositive in view of the law just noted.

A very recent case is helpful here. In Anne M. Sullivan v. Finch, 1A CCH Unemployment Insurance Reporter ¶ 15,715 at 2499–99 (W.D.Pa. 2/13/1970), the plaintiff, a woman claiming Social Security disability benefits, was a high school graduate and had taken some 14 credits of college courses. The plaintiff therein had held several jobs prior to her claimed disability, including those of counsellor, head of a riding academy, physical education instructor, and executive secretary.

Following an automobile accident, the plaintiff had her right patella removed. The Secretary found that she retained residual capacity for light work, as she could stand up to two hours at a time and could drive 50 miles without discomfort. The Secretary denied the plaintiff disability benefits, and the district court affirmed on review. The court concluded, citing *Wright, supra*, that:

> The 1967 Amendments * * * make it clear, however, that a claimant for insurance benefits under the [Social Security] Act is not disabled within the meaning of the statute merely because he would not actually be hired for such work.

Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

It is so ordered.

3. The Social Security Act was amended in 1968 to include the following portion [42 U.S.C. § 423(d) (2)]:
[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *