**Vicente Rivera CARABALLO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 207-70.**

United States District Court,
D. Puerto Rico.

May 11, 1972.

Teodora Echevarria, Legal Services of P. R., Inc., Ponce, P. R., for plaintiff.

Julio Morales Sanchez, U. S. Atty. D. Puerto Rico, Old San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

TOLEDO, District Judge.

This is an action seeking review of a decision of the Secretary of Health, Education and Welfare, denying plaintiff an application for disability insurance benefits under Sections 216(i) and 223(d) of the Social Security Act, as amended. Title 42, United States Code, Sections 416(i) and 423(d).

Claimant was last regularly employed as a sugar mill laborer. At the time of the last hearing, held before the Secretary of Health, Education and Welfare, the claimant was 54 years old and with a third grade education.

Plaintiff first applied for a period of disability and for disability insurance benefits on October 18, 1965, alleging that he became unable to work in August 1964. The application was denied initially on January 5, 1966, and on reconsideration, on November 22, 1966 by the Social Security Administration. Plaintiff requested a hearing which was held on February 14, 1967, and May 11, 1967. The hearing examiner, before whom the plaintiff appeared, considered the case *de novo,* and on July 26, 1967, found that plaintiff was not under a disability.

The plaintiff filed another application for a period of disability and for disability insurance benefits on March 25, 1968, again alleging that he became unable to work in 1964, at age 50. This application was denied initially on June 21, 1968, and on reconsideration on January 6, 1969, by the Social Security Administration. Plaintiff again requested a hearing which was held on October 23, 1969. The hearing examiner, before whom plaintiff appeared, consider the cases *de novo* incorporating the evidence received in the record of previous proceedings, and on November 19, 1969, found that plaintiff was not under disability prior to the elapse of his insured status for disability purposes, June 30, 1967. The hearing examiner's decision became the final decision of the Secretary of Health, Education and Welfare, when it was approved by the Appeals Council on December 31, 1969.

The only issue before this Court is whether the decision of the Secretary of Health, Education and Welfare, that plaintiff was not entitled to a period of disability or disability insurance benefits under the Act, is supported by substantial evidence from the record as a whole.

Sections 216(i) and 223(d) of the Social Security Act, Title 42, United States Code, Sections 416(i) and 423(d) defines the term "disability" to provide, in part:

"(d) (1) The term 'disability' means —

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

(2) For purposes of paragraph (1) (A)—

(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy, regardless of * * * whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

On May 11, 1967, a hearing was held during which Dr. Héctor A. Puig, a Vocational Expert, assessed the medically established physical impairments involved in this case and found significant limitations from a condition of lumbar arthritis and a spinal condition of spondylosis. This condition, permitted claimant to engage only in sedentary labor.

During that hearing, the following also transpired between the hearing examiner and Dr. Puig:

"Q. . . .

Doctor, I would like to put a question to you before closing the hearing. In your experience regarding the philosophy of employment followed by the employers in the area of Ponce and Guayanilla, our friend Vicente would be competing with younger and better prepared candidates?

A. He would be competing with younger and better prepared candidates, in an employment market with 13 or 15% of unemployment in the population with capacity for employment. By inference and in accordance with the personnel officers, they would say that he is a candidate with less than marginal opportunity. In the nomenclature utilized by personnel people, a candidate with less than marginal . . .

Q. What do they mean by that?

A. Less than desirable. In other words, of very little opportunity to be employed.

■ We agree with the hearing examiner's decision of July 26, 1967 to the effect that the Secretary need not show that jobs were available for claimant or that claimant would be hired if he applied for work. The 1968 amendments to 42 United States Code, § 423, expressly state that an individual is not disabled if he can engage in some kind of gainful work, regardless of whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. Trujillo v. Cohen, 304 F. Supp. 265 (D.C., 1969); Huffman v. Gardner, 292 F.Supp. 331 (D.C., 1968); Harvey v. Finch, 313 F.Supp. 323 (D.C., 1970). This means, in essence, that the fact that jobs which a claimant could perform exist in significant number either in the region where such individual lives or in several regions of the country, precludes considering that such a claimant is disabled, even though, for instance, he is unemployable because of adverse employer hiring practices or because of extreme competition for jobs due to the existence of high unemployment in a particular region.

But this is not to say, that a person who suffers from a medically determinable impairment, who theoretically could perform the particular duties of jobs available in the national economy, can effectively and efficiently do these jobs on the same level of efficiency as one who is not so disabled.

■■ If there is no evidence in the record which would demonstrate that the degree of efficiency of a claimant who is disabled is not markedly inferior from one not so disabled with respect to the particular jobs which a Vocational Expert testifies that a claimant may perform, then the conclusion that there exists work in the national economy which

claimant could perform is not supported by substantial evidence. This means that a person is disabled under the law if he will not be employed because of a substantial diminishment of his productivity due to a medically determinable disability, even if he can theoretically perform the jobs.

Dr. Puig, a vocational expert, testified in the present case that the claimant could perform sedentary jobs such as stockhouse clerk, janitor, garment inspector, sales clerk and gateman. Dr. Puig also testified, that plaintiff would be a "less than desirable" candidate for employment. Plaintiff is 54 years old, has only a third grade education, does not speak nor is literate in the English language, his last job was as a sugar mill laborer, and is suffering from a condition of lumbar arthritis and a spinal condition of spondylosis. Whether or not plaintiff's undesirability as a candidate for jobs is due to a substantially diminished productivity because of his condition or disability, when compared with one not so disabled, is not clear from the record. There is no evidence on this particular point.

We, therefore, find that the Secretary's decision is not based on substantial evidence on the record considered as a whole. We defer to the expertise of the administrative agency and remand this case with instructions requesting comparative findings on claimant's productivity and efficiency at the jobs which are available to him.

It is, therefore, ordered, that this case be remanded to the Secretary of Health, Education and Welfare, pursuant to 42 United States Code, 405(g), for proceedings consistent with this opinion.

It is so ordered.