Basilio Falero **PAGAN**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,**
Defendant.

**Civ. No. 443–71.**

United States District Court,
D. Puerto Rico.

July 31, 1973.

Jose B. Diaz Asencio, Trujillo Alto, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This action is before us by way of Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g), to determine whether the Secretary's decision denying disability insurance benefits to this plaintiff is supported by substantial medical evidence in the record. We affirm.

The plaintiff meets the statutory disability earnings requirement through December 31, 1973. Title 42, United States Code, Section 416(i).

The plaintiff sustained a back injury on July 18, 1964, when he jumped to the pavement from the baggage compartment of a jet liner he was unloading as an employee of Pan American World Airways (Tr. 86). He testified at the hearing that pain stemming from that injury does not allow him to engage in any substantial gainful activity (Tr. 27), as this term is defined in the Social Security Act. Title 42, United States Code, Section 423.

On December 19, 1968, Dr. Pedro Borrás examined this plaintiff and recommended surgery to alleviate back pain

(Tr. 91). The surgery was performed in March of 1969. In view of the foregoing, the Secretary determined this plaintiff was under a disability on December 12, 1968, but added that said disability ceased as of October 1970.

All the medical evidence supports this plaintiff's present allegation that he still suffers from back trouble. But the examining physicians unanimously feel that while this plaintiff is unable to realize former work that included heavy lifting or strenuous movements, there is residual work of a lighter nature that he can fulfill. The strongest statement in plaintiff's favor—a statement by Dr. Andres Salazar that "the patient is at present totally incapacitated for his usual work" (Tr. 98)—is not in conflict with other medical reports stating this plaintiff's residual ability to do light work (Tr. 96).

Plaintiff's attorney argues that as this plaintiff showed he was unable to carry out his former work, the burden shifted to the Secretary who must show the availability of alternate work the plaintiff is physically and mentally capable of performing. Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84. He raises several related legal questions in an attempt to show that the Secretary did not meet this burden. Each point can be disposed of summarily.

■ First, plaintiff's attorney argues that the Vocational expert did not point out employment opportunities inasmuch as no elaboration was made on this plaintiff's ability to compete effectively with a normal person. This Court has given some weight to this argument in certain circumstances. See Caraballo v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 346 F.Supp. 93. Nevertheless, the argument can not be made here because the hearing examiner, based on medical reports by Doctors Fernández and Celón-Alemañy (Exhibits 29 and 33), decided specifically that "there were a variety of jobs the claimant could adequately perform. . ." (Tr. 17).

As a second argument plaintiff's attorney argues that the evidence *must* show the hiring practices of employees. Inasmuch as this fact was not brought out at the hearing by the vocational expert, plaintiff argues, the Secretary did not meet his burden of proof.

■ In determining whether a claimant is entitled to disability insurance benefits, the standard is not inability to be hired, but complete inability to work, to perform any kind of substantial gainful activity. Rosario v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 324 F.Supp. 1321. In any event, the plaintiff testified at the hearing that his former employer has "no objection to my being rehired." (Tr. 32).

■ As a third and final argument, plaintiff's attorney contends the vocational expert was vague in his answer as to the number of available alternate work this plaintiff could realize given his disability. In conformity with this Court's ruling that alternate work must exist within a 50 mile radius of the claimant's home, the vocational expert testified that of the 35,389 jobs available within this perimeter, 34 or 40 percent were in the categories of jobs this plaintiff could perform given his disability. That means that these jobs are available all over the Island of Puerto Rico. We feel the vocational expert was specific enough, and that, therefore, the Secretary met his burden in this regard.

In view of the foregoing, the Secretary's decision is affirmed.

It is so ordered.