Angel L. CORDOVA, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 420–72.

United States District Court, D. Puerto Rico.

Aug. 2, 1973.

Jose E. Bosch Roque, Bayamon, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This is an action brought to us under Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g), so that we determine whether the Secretary's decision denying this plaintiff disability insurance benefits under the Act is supported by substantial medical evidence in the record, we feel it is and so affirm.

The plaintiff alleges onset of disability as of November 1969 due to right leg mid-thigh amputations and associated injuries resulting from a severe automobile accident which occurred on that date (Tr. 52). He was granted a closed period of disability which terminated on January 31, 1971, when the Secretary determined his injuries had improved enough to allow realization of substantial gainful activity as the term is described in the Act (Tr. 15). Title 42, United States Code, Section 423.

The plaintiff met the special earnings requirements prior to November 1, 1969, the date of the accident, and continues to meet them through the date of this decision. (Tr. 15), Title 42, United States Code, Section 416(i).

Dr. Arturo Cadilla describes the injuries suffered by this plaintiff as including "a fracture of right clavicle, a severe crushing injury to the right leg (which required amputation due to the setting in of grangrene), a fracture of the left knee and fracture ribs (Tr. 92).

On January 28, 1971, however, Dr. Juan Llompart diagnosed that each of the above mentioned injuries had fully healed (Tr. 96). He and Dr. Arturo Cadilla both reported that this plaintiff is capable, under his present condition, of doing work provided such work does not require prolonged standing, bending, heavy lifting, kneeling, squatting or walking (Tr. 93, 96).

Given the above mentioned medical data, the vocational expert was asked at the hearing whether this plaintiff could realize any of his former work (Tr. 46). The vocational expert answered that he could not, as all former work involved the above mentioned proscribed exercise. At this point, the burden shifted to the Secretary to show the availability of alternate work this plaintiff could perform with his residual capabilities. Goad v. Finch (6 Cir. 1970), 426 F.2d 1388.

The vocational expert testified to an array of light sedentary jobs which are available in the vicinity of plaintiff's home (Tr. 47–50), and the plaintiff seems to admit that he feels he is able to perform such work (Tr. 50).

What bothers the plaintiff is that he feels employers will not hire him be-

cause of his impairments regardless of whether he can perform the work assigned to him adequately or not. Plaintiff's attorney stresses the scarcity of those alternate jobs described by the vocational expert, and in addition, to plaintiff's physical deficiencies emphasizes that this plaintiff's limited educational background would not permit adequate realization of those jobs.

With regard to the latter portion of plaintiff's attorney's argument, we tend to agree with the hearing examiner's finding that none of the alternate jobs suggested by the vocational expert require more than a couple of hours of on-the-job training (Tr. 13).

█ With regard to his indication as to the hiring practices of employer in an economy with less than full employment, it is well established that the Social Security statutes are not ancillary unemployment statutes, Reyes Robles v. Finch, 1 Cir., 409 F.2d 84, and more specifically, that a claimant in good health except for amputation of a member of his body is not disabled under the Act. González v. Secretary of Health, Education and Welfare (D.C. P.R. 1971), 331 F.Supp. 865.

█ We have established in this Court that a person is disabled if he, regardless of the hiring practices of employers or availability of work, will not be employed because of a substantial diminishment of productivity due to a medically determinable disability. Caraballo v. Secretary of Health, Education and Welfare (D.C.P.R. 1972), 346 F. Supp. 93.

On the basis of the medical evidence in the record we do not feel this plaintiff is unable to compete affectively with other workers in the alternate jobs mentioned by the vocational expert. As the vocational expert stated at the close of the hearing: "It depends on how you have produced your work."

█ The claimant is 30 years old. We feel on the basis of the medical evidence in the record that he can realize work in an adequate fashion. The Secretary's decision is reasonable, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970), and should and is hereby affirmed.

It is so ordered.