Felix REYES, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Wel-
fare, Defendant.

Civ. No. 888-72.

United States District Court,
D. Puerto Rico.

Aug. 17, 1973.

Horacio R. Subirá, Hato Rey, P. R.,
for plaintiff.

Julio Morales-Sanchez, U. S. Atty.,
San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This is an action brought by plaintiff
pursuant to Section 405(g) of Title 42,
United States Code, to review a final de-

cision of the Secretary of Health, Education and Welfare (hereinafter the Secretary), denying him a period of disability and disability insurance benefits for which he applied on July 10, 1970. Plaintiff alleges his disability stems from an acute episode of gastric bleeding and other stomach problems and also from an arthritis condition. The presence of some psychiatric condition, likewise, appears on record.

Plaintiff urges that we determine there exists substantial basis for granting him disability benefits, therefore, that we reverse the Secretary's determination.

This Court has constantly expressed that it is settled law that the burden of proof rests upon the plaintiff to establish that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; although this burden need not be established beyond a reasonable doubt. We have further expressed that the Secretary does not have the burden of making an initial showing of non-disability. Magdalena Salas v. Secretary of Health, Education and Welfare (D.C.P.R.1972), (Memorandum Opinion and Order of December 18, 1972 in Civil No. 607–70). Additionally, we have stated that the mere presence of a disease or impairment is not in and of itself disabling, but it must be shown that the disease or impairment causes functional limitations which preclude plaintiff from engaging in substantial gainful activity. Angela Perez v. Secretary of Health, Education and Welfare (D.C.P.R.1972), (Order of December 14, 1972, Civil No. 148–71). See also Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84.

■ After fully scrutinizing the record before us and carefully considering the medical, as well as the non medical evidence in record, we are of the opinion that the findings of the Secretary are supported by substantial evidence. We would gain nothing by reiterating what all the available medical evidence reveals. In our opinion, it suffices to say that the reports from the consultant physicians (an internist, a neurologist and a psychiatrist), substantiate the decision of the Secretary that the plaintiff does not suffer from any impairment or combination of impairments which meets the statutory standard of severity. We are fully satisfied that in determining whether plaintiff is disabled within the meaning of the Social Security Act the Secretary considered, together and in combination with each other the: (1) objective medical facts and clinical findings, both of the physical ailments and of the mental impairments; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified to by the plaintiff; and (4) claimant's age, education and work history. De Paepe v. Richardson (5 Cir. 1972), 464 F.2d 92. See also Toledo v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 308 F.Supp. 192.

■ Plaintiff's request that we reverse the findings of the Secretary, which findings we have said are based on substantial evidence on the record. Were we to so do, we would be reweighing the evidence before the Secretary, a process we are not authorized to follow. See Herridge v. Richardson (5 Cir. 1972), 464 F.2d 198; Hart v. Finch (5 Cir. 1971), 440 F.2d 1340. See also Zeno v. Secretary of Health, Education and Welfare (D.C.P.R.1972) 355 F.Supp. 657, 661. In view of the limited nature of the statutory scheme of review we are bound only to ascertain, as we have done, whether the record contains substantial evidence to support the findings of the Secretary. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071.

■ Plaintiff contends that he has showed that he is unable to work and, that, therefore, the Secretary had the burden of proof to show through a vocational expert that he has the ability to perform in other substantial gainful

work. He further asserts that the mere assertion of the Secretary to the contrary, without documentation or oral examination of a vocational expert is legally insufficient to rebut the evidence presented by him. It is our opinion that plaintiff's efforts are misplaced for the evidence in record substantiates the Secretary's decision that he has failed to show that he is unable to work. The evidence, in record does not reveal that he could not return to the work in agriculture he has performed all his life. This being so, it was not incumbent upon the Secretary to elicit vocational data bearing on the availability of alternate job opportunities. Cancel v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 328 F.Supp. 1356. See also Patton v. Finch (D.C.N.C.1969), 305 F. Supp. 810, 814.

■ Plaintiff also proposes that we take knowledge and give consideration to what he terms in the following way "It is a matter of common knowledge that employers are hesitant to hire the handicapped, particularly if they have no particular skills. The prospective employer's fear of absenteeism, the possibility of higher workmen's compensation premium, and uncertainty whether such an employee will be able to perform his work satisfactorily, are factors contrary to an abstract judgment that jobs are available to this man." Such proposition is predicated in expressions contained in the cases of Thomas v. Celebrezze (4 Cir. 1966), 331 F.2d 541, 546; Gardner v. Smith (5 Cir. 1966), 368 F.2d 77, 83–85; Gardner v. Brian (10 Cir. 1966), 369 F.2d 443, 446; and particularly Cooke v. Celebrezze (4 Cir. 1966), 365 F.2d 425, 428. While the proposition may sound to be persuasive, it does not reflect the proper legal standards evidenced by the Act. The cited cases were all decided prior to the 1967 amendments to Section 223 of the Social Security Act, Title 42, Section 423. Decisions posterior to the 1967 Amendments to the mentioned Section have questioned the validity of the proposition. See Patton v. Finch, supra; Orzel

v. Finch (7 Cir. 1971), 445 F.2d 150, 153, Note 2; Johnson v. Finch (D.C.Kansas 1970), 310 F.Supp. 1235, 1238; Garrett v. Secretary of Health, Education and Welfare (D.C.Kansas 1970), 315 F.Supp. 609, 615; Lucas v. Richardson (D.C.Kansas 1972), 348 F.Supp. 1156. This Court has expressed before that the 1967 Amendments have precluded our inquiry on this aspect. In Caraballo v. Secretary of Health, Education and Welfare, D.C., 346 F.Supp. 93 with respect to the meaning of the mentioned amendments we, at page 95, expressed:

"This means, in essence, that the fact that jobs which a claimant could perform exists in significant numbers either in the region where such individual lives or in several regions of the county, precludes considering that such a claimant is disabled, even though, for instance, he is unemployable because of adverse employer hiring practices or because of extreme competition for jobs due to the existence of high unemployment in a particular region."

Furthermore, as can be readily seen, the last mentioned line of cases, as well as the *Caraballo* decision, direct their expressions to the testimony offered by vocational experts in the administrative hearing before a hearing examiner. Since, as we have said before, plaintiff failed to show he cannot do his former work, there was no shifting of burden to the Secretary, thereby being no need for the Secretary to introduce vocational evidence. Burgos v. Secretary of Health, Education and Welfare, (D.C.P.R.1972) 355 F.Supp. 309, 313. Had there been such a need then we would have applied the appropriate post 1967 legal standard in this respect as shown in our *Caraballo* decision.

■ Title 42, United States Code, Section 405(g) provides that the findings of the Secretary as to any fact if supported by substantial evidence shall be conclusive. Accordingly, the Secretary's findings, if reasonable, are not to be disturbed by this Court on review. Richardson v. Perales, 402 U.S. 389, 91

S.Ct. 1420, 28 L.Ed.2d 842 (1971). The conclusive effect of the substantial evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts but also to inferences and conclusions drawn therefrom. Santiago Berrios v. Secretary of Health, Education and Welfare (D.C.P.R.1972), (Memorandum and Order of December 12, 1972 in Civil No. 196–70).

To conclude, it is our opinion that the Secretary applied the correct legal standards to the case before him and that his findings are supported by substantial evidence. Wherefore, it is hereby ordered that the complaint filed by plaintiff be and is hereby dismissed on the aforementioned grounds.

It is so ordered.