Clara A. TORSKE, Plaintiff-Appellee,

v.

Elliot L. RICHARDSON, Secretary of Health, Education, and Welfare, Defendant–Appellant.

No. 71–2056.

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1973.

Robert M. Feinson (argued), L. Patrick Gray, III, Asst. Atty. Gen., Harlington Wood, Jr., Acting Asst. Atty. Gen., Dept. of Justice, Washington, D.

**60**

C., Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Ore., Kathryn H. Baldwin, Atty. Michael H. Stein, Dept. of Justice, Washington, D. C., for defendant-appellant.

John S. Marandas (no appearance), Lee M. Zittenfield, Lekas, Dicey & Marandas, Portland, Ore., for plaintiff-appellee.

Before BROWNING and CHOY, Circuit Judges, and KING,[*] District Judge.

PER CURIAM:

The Secretary appeals from an order of the district court granting Mrs. Torske disability benefits under the Social Security Act. We reverse.

■ There is substantial evidence in the record to support the hearing examiner's conclusion that Mrs. Torske could do light work notwithstanding the limitations on the use of her right arm, and that such work existed in the region in which Mrs. Torske lived. In such circumstances, or even if the evidence on these points is in conflict, the Secretary's finding is conclusive. Harvey v. Richardson, 451 F.2d 589 (9th Cir. 1971); Tatum v. Weinberger, No. 71-1953, 9th Cir. Memorandum April 12, 1973.

Mrs. Torske filed an application for disability benefits on October 11, 1968. Her application was denied. At her request a hearing was held on May 7, 1969. On May 13, 1969, the hearing examiner found that she was not "disabled". This decision was appealed. On December 23, 1969, the appeals council remanded the case to the hearing examiner with instructions to hold a supplemental hearing to receive additional evidence. This was done on February 10, 1970. The hearing examiner again found against Mrs. Torske. This decision was affirmed by the appeals council on March 6, 1970.

The district court was of the opinion that the inclusion of the Portland area (70 miles away from Mrs. Torske's home in Albany) as a labor market available to Mrs. Torske was unreasonable, that employment as a night clerk or cashier was improbable because Mrs. Torske could neither write nor lift, and that employment as a telephone solicitor was improper.

■ However humane and rational these observations may be, the statutory definition of "disability" was specifically narrowed to correct court decisions that the Congress considered to be too liberal. Harmon v. Finch, 460 F.2d 1229 (9th Cir. 1972). Work of a reasonable character is not the proper criterion to the determination whether a claimant is disabled, the job area is not confined to the claimant's locality, and the relevant inquiry is not whether the claimant is able to obtain employment at some substantial activity that exists in the national economy but whether the claimant is able to engage in such activity. Brown v. Finch, 429 F.2d 80 (5th Cir. 1970). See King v. Finch, 428 F.2d 709 (5th Cir. 1970); Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971); Waters v. Gardner, 452 F.2d 855 (9th Cir. 1971).

The Congressional intent is clear. See S.Rep. No. 744, 90th Cong., 1st Sess. *quoted in* 1967 U.S.Code Cong. & Admin. News pp. 2834, 2880-2883.

Mrs. Torske's situation is not unique. See Moon v. Richardson, 345 F.Supp. 1182 (W.D.Va.1972) (Useless left arm which had atrophied as a result of a childhood accident); Harvey v. Finch, 313 F.Supp. 323 (N.D.Cal.1970), aff'd sub nom, Harvey v. Richardson, *supra* (Back and shoulder condition which inhibited tasks that could be performed with right arm and epicondylitis in left arm); Wright v. Gardner, 403 F.2d 646 (7th Cir. 1968) (Left arm and hand almost useless); May v. Gardner, 362 F. 2d 616 (6th Cir. 1966) (Left arm severed below elbow); Robinson v. Celebrezze, 326 F.2d 840 (5th Cir. 1964) (Right arm amputated at the shoulder).

Reversed.

---

[*] The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.