**Chester L. HUNTER, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 72-627.**

United States District Court, D. Oregon.

Sept. 18, 1973.

Pozzi, Wilson & Atchison, Portland, Ore., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Ore., for defendant.

## OPINION

BELLONI, Chief Judge:

Chester L. Hunter has brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, disallowing claimant's application for the establishment of a period of disability and for disability benefits under § 216(i) and § 223 of the Act, 42 U.S.C. § 416(i) and § 423.

The claimant filed for disability benefits alleging that he was unable to work because of spinal difficulty in the neck and lower back. The action comes to this court following the Appeals Council approval of the decision of the Administrative Law Judge denying benefits.

The issue on appeal to this court is whether there is substantial evidence in the record to support the decision of the Secretary that claimant is not entitled to a period of disability and to disability insurance under the Act.

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be sufficient to justify a refusal to direct a verdict were the case before a jury. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939); Penix v. Richardson, 468 F.2d 1259 (9th Cir., 1972).

Claimant is presently 53 years old and for the 20 years prior to the onset of his claimed disability was employed as a longshoreman doing substantially heavy work. The Administrative Judge found that claimant has degenerative arthritis, arthritic changes of the cervical and lumbosacral spine and that while claimant had much muscoskeletal impairments as to prevent him from doing his former work, the impairments do not prevent him from doing light sedentary jobs which exist in significant numbers in the economy.

Evidence of physical impairment is not enough to warrant an award of disability insurance benefits since the claimant must be precluded from engaging in any substantial gainful activity because of such impairment. Robles v. Finch, 409 F.2d 84 (1st Cir., 1969). The mere presence of functional impairment is not enough. Waters v. Gardner, 452 F.2d 855 (9th Cir., 1971).

The evidence in this case suggests that claimant could engage in some light or sedentary type of employment. Claimant was examined by several doctors. Doctor Jones and Doctor Sprecher concluded claimant could engage in something less than heavy work. The only contrary conclusion was reached by Doctor Maks which is not entitled to as great weight because it was not supported by detailed clinical findings. 20 C. F.R. 404.1526.

The Secretary was permitted to take administrative notice of light jobs claimant can do. Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971). In addition, a State of Washington vocational specialist states that there are more than 1,600 light unskilled jobs that a person with claimant's condition could be expected to perform.

The Act, as amended in 1967, emphasizes the claimant's job capability and not the availability of a job in the claimant's region. Waters v. Gardner, supra, 452 F.2d at 857, 42 U.S.C. § 423(d)(2)(A). The relevant inquiry is not whether the claimant is able to obtain employment at some substantial activity that exists in the national economy, but whether the claimant is able to engage in such activity. Torske v. Richardson, 484 F.2d 59 (9th Cir., 1973).

There is substantial evidence to support the findings of the Administrative Judge. The decision of the Secretary is affirmed. This opinion shall serve as findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).