Maria E. **FLORES CRUZ**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE**, Defendant.

Civ. A. No. 563–73.

United States District Court,
D. Puerto Rico.

March 10, 1975.

---

Rafael A. Oliveras, Hato Rey, P. R., for plaintiff.

José A. Anglada, Asst. U. S. Atty., San Juan, P. R., for defendant.

## OPINION

JULIAN,* Senior District Judge.

This action is brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare.

The Secretary found that plaintiff met the alternate insured status requirement of Title II of the Social Security Act, 42 U.S.C.A. §§ 416(i)(3), 423(c), through June 30, 1968. He also found her "significant impairments on June 30, 1968 were her mental condition and associated somatic complaints; her renal condition and associated complications of mercury intoxication; and an allergic rhinitis con-

dition." (Tr. 24–25.) The Secretary further found that the plaintiff's condition precluded her return to her former type of work.

Once plaintiff established that her medically determinable impairment would not permit her to return to her former type of work, the burden was on the government to offer evidence that there is generally available employment for which she is fit and qualified. *Torres v. Celebrezze,* 349 F.2d 342 (1 Cir. 1965). If the government shows that there are specific jobs in the national economy which the claimant is capable of doing, the claimant has the overall burden of showing that her disability precludes substantial gainful work. *Hernandez v. Weinberger,* 493 F.2d 1120, 1122–1123 (1 Cir. 1974).

The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C.A. § 405(g).

The Secretary found as fact that

"claimant retains sufficient residual physical and mental capacity and transferable motor skills to perform . . . substantial gainful activity of a light nature. . . . Specific types of employment which are suitable for claimant and which exist in significant numbers in Puerto Rico are knitting machine operator, seamer, sewer, checker, packer, sewing machine operator, topside inspector, and lens polisher."

(Tr. 25.) The plaintiff does not assert that the specified types of employment do not exist in significant numbers in Puerto Rico. The plaintiff argues, however, that the Secretary's finding is not supported by substantial evidence for two reasons: first, there was no evidence concerning the effect of plaintiff's mental impairments on her employment capabilities; and, second, the Secretary erred in failing to determine whether plaintiff's impairments caused such a diminution of her ability to meet normal-

* Of the U. S. District Court for the District of Massachusetts, sitting by designation and assignment.

ly required quality and production standards on a sustained basis as to make her disabled.

The transcript of the record is replete with evidence concerning plaintiff's physical and mental health. A vocational expert witness testified. The expert had been present during plaintiff's testimony and was given all available information concerning the plaintiff's age, education and work experience. In formulating her opinion the expert considered all available medical reports, including an extensive psychiatric evaluation of plaintiff which was prepared by a physician.

The plaintiff's counsel, who also represented plaintiff at the administrative hearing, was given the opportunity to cross-examine the expert. He stated that he had no questions. (Tr. 73.) The expert subsequently considered additional evidence submitted after the hearing (Exhs. 31–40, Tr. 152–166), including a psychiatric report (Exh. 32, Tr. 153–154), and modified her opinion because of that evidence (Tr. 166). The expert's modified testimony and the evidence which she considered in forming her opinion were submitted to plaintiff's counsel, who made no objection and stated that he had no comments or additions to make and that he submitted the case for decision on the record.[1] The transcript of the record thus reveals substantial evidence concerning the effect of plaintiff's mental impairments on her employment capabilities. This evidence supports the Secretary's findings. Plaintiff's first contention is thus untenable.

The plaintiff relies on *Caraballo v. Secretary of Health, Education and Welfare,* 346 F.Supp. 93 (D.P.R.1972) and *Lebron v. Secretary of Health, Education*

*and Welfare,* 370 F.Supp. 403 (D.P.R. 1974), as the basis of her second contention. See also *Rodriguez v. Secretary of Health, Education and Welfare,* 355 F.Supp. 304 (D.P.R.1973); *Miranda v. Secretary of Health, Education and Welfare,* 382 F.Supp. 777 (D.P.R.1974).

*Caraballo* involved a vocational expert witness who testified that jobs were available which the claimant could perform but that the claimant would be a less than desirable candidate for the jobs. There was no evidence to show whether or not the claimant's undesirability as a candidate for jobs flowed from diminished productivity due to his impairment. In that context the court ruled:

"If there is no evidence in the record which would demonstrate that the degree of efficiency of a claimant who is disabled is not markedly inferior from one not so disabled with respect to the particular jobs which a Vocational Expert testifies that a claimant may perform, then the conclusion that there exists work in the national economy which claimant could perform is not supported by substantial evidence. This means that a person is disabled under the law if he will not be employed because of a substantial diminishment of his productivity due to a medically determinable disability, even if he can theoretically perform the jobs."

346 F.Supp. at 95–96. The case was remanded to the Secretary.

In *Lebron* the vocational witness "quibbled uncertainly," 370 F.Supp. at 406, when the claimant's counsel inquired concerning the effect the claimant's impairment would have on his performance in jobs, which, according to the

1. Counsel informed the Administrative Law Judge:

"Re: Maria E. Flores
A/N: 581–98–5485
"Dear Judge Saul:
I have examined the recent additional Exhibits in the case of caption including the supplementary vocational testimony rendered by Mrs. Ermida G. Albizu which appears dated December 12, 1972.

I have no comments or additions to make to the record as it appears constituted as of this date and I submit this case for your decision on the basis of the documentary and oral evidence which makes up the record as of today."
(Tr. 26.)

witness, existed in the region. The court cited *Caraballo* and ruled that the expert's testimony was not sufficient to support a finding that the claimant was capable of performing the jobs.

In *Rodriguez* a 56-year-old claimant suffered from several impairments, including amputation of an arm. The vocational expert witness testified that the claimant could perform several available jobs. The expert, however, qualified his opinion by stating, apparently without further elaboration: "This witness understands that a person with both arms is a better candidate for employment and is in a better personnel field than claimant." 355 F.Supp. at 307. The expert's testimony was further qualified by indications that it would be impossible to retrain the claimant because of his age. *Id.* at 309. The court ruled that the expert's testimony failed to meet the requirements established in *Caraballo* and remanded for expert testimony which complied with the decision in *Caraballo.*

In *Miranda* the transcript of the record revealed that, "in answering the hypothetical questions on which the Administrative Judge based his conclusions that plaintiff could perform jobs . ., the vocational expert did not consider the effect that plaintiff's degree of efficiency may have on his chances for employment." 382 F.Supp. at 781. The court cited *Caraballo* and ruled the expert's testimony was not substantial evidence to support a finding that work exists in the national economy which the claimant could perform. The case was remanded for additional evidence.

In *Caraballo, Lebron, Rodriguez* and *Miranda* the testimony of the vocational expert witness was ambiguous or uncertain concerning whether the claimant's impairment rendered the claimant incapable of performing specified jobs. The testimony thus was not substantial evidence to support a finding that the claimant was capable of performing specific jobs which were generally available in the national economy. In the present case no ambiguity or uncertainty exists in the expert's testimony as elicited by the Administrative Law Judge, nor did plaintiff's counsel ask any questions to establish that the expert's opinion was subject to any qualifications. The expert's testimony indicates unequivocally that plaintiff is capable of doing the specified jobs, thus *Caraballo, Lebron, Rodriguez* and *Miranda* are inapposite. *Cordova v. Richardson,* 372 F.Supp. 485 (D.P.R.1973); see *Pagan v. Secretary of Health, Education and Welfare,* 372 F.Supp. 501 (D.P.R.1973); cf. *de la Cruz Sanchez v. Weinberger,* 382 F.Supp. 901 (D.P.R.1974); *Diaz v. Secretary of Health, Education and Welfare,* 372 F.Supp. 463 (D.P.R.1973).

The government showed, by means of the vocational expert's testimony, that there are specific jobs in the national economy which the claimant is capable of doing. The Secretary credited this testimony. The testimony is substantial evidence which supports the Secretary's findings.

The findings of the Secretary are supported by substantial evidence. Therefore, it is *ordered* that judgment be entered affirming the decision of the Secretary.